**TARRANT COUNTY, Texas, Appellant,**

v.

**Susan C. VANDIGRIFF, Appellee.**

**No. 2–01–306–CV.**

Court of Appeals of Texas,
Fort Worth.

March 28, 2002.

Rehearing Overruled May 2, 2002.

---

Tim Curry, Criminal District Attorney, Debra Dupont, Assistant District Attorney, Fort Worth, for appellant.

Melody Tadlock Mills, Fort Worth, for appellee.

PANEL A: HOLMAN and WALKER, JJ.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

## OPINION

DIXON W. HOLMAN, Justice.

Appellee filed suit under labor code sections 21.051 and 21.055 alleging sex discrimination and retaliation, but failed to serve Appellant for over two years. After it was eventually served, Appellant filed a plea to the jurisdiction on the grounds that the two-year statute of limitations had expired. In a single issue, Appellant asserts that the trial court erred in denying its plea to the jurisdiction because Appellee did not use due diligence in procuring service on Appellant. We reverse the trial court's judgment and render a take-nothing judgment in favor of Appellant.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellee filed two charges with the Texas Commission on Human Rights ("TCHR"). Appellee filed her first charge on October 30, 1996, and her second charge on February 11, 1997. Appellee received written notice of her right to sue on the February 11, 1997 [1] charge only and timely filed suit in the trial court on June 19, 1998. Appellee served the Tarrant

---

1. Because Appellee did not receive notice of her right to sue on the October 30, 1996 charge, it was neither before the trial court nor is it before this court.

County Sheriff's Department ("TCSD") via its agent, Hank Pope, on June 23, 1998.

TCSD eventually filed special exceptions to Appellee's pleadings alleging a defect in parties based on the fact that the named defendant and Appellant Tarrant County had never been served. Following a hearing, the trial court signed an order granting TCSD's special exceptions on September 22, 2000. As a result, Appellee amended her pleadings to cure a defect of parties and properly served Appellant through its agent, County Judge Tom Vandergriff, on October 4, 2000, some two years and four months after Appellee filed her original petition.

Appellant's answer asserted the affirmative defense of a two-year statute of limitations, which had expired pursuant to labor code section 21.256 two years from the date Appellee filed her complaint with the TCHR. *See* Tex. Lab.Code Ann. § 21.256 (Vernon 1996). Appellant also filed a plea to the jurisdiction alleging that the trial court had no subject matter jurisdiction over Appellant under the labor code because the statute of limitations had expired. Although the court initially granted Appellant's plea to the jurisdiction, after a hearing on Appellee's motion to reconsider, the trial court entered an order denying Appellant's plea to the jurisdiction.

### THE STATUTE OF LIMITATIONS AND JURISDICTION

█ The Texas Commission on Human Rights Act ("Act") establishes a comprehensive administrative review system for obtaining relief from unlawful employment practices. *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex.1991). Before suing in state court, an employee must exhaust her administrative remedies under the Act by first filing a complaint with the TCHR within 180 days of the alleged discriminatory act. *Id.; see also* Tex. Lab.Code Ann. § 21.202(a).

█ If the TCHR dismisses the complaint or determines that it will not file suit, the complainant may request a written notice of right to file a private, civil suit in the district court. *Schroeder,* 813 S.W.2d at 485. Once the complainant receives the notice of right to sue from the TCHR, the complainant, if she chooses to file suit, must do so within sixty days of the receipt of notice. *Id.; see* Tex. Lab. Code Ann. § 21.254. A complainant must file a civil action on her claims within two years from the date she filed her initial charge with the TCHR, or her claim is barred by the statute of limitations. Tex. Lab.Code Ann. § 21.256.

█ Because Appellee filed her charge with the TCHR on February 11, 1997, she had until February 11, 1999 to file suit based on that charge. Although Appellee filed suit on June 19, 1998, Appellant was not served until October 4, 2000— over one year and eight months after the limitations period expired, and over two years and four months after suit was filed. The mere filing of a lawsuit is not sufficient to meet the requirements of "bringing suit" within the limitations period; rather, a plaintiff must *both* file her action *and* have the defendant served with process. *Boyattia v. Hinojosa,* 18 S.W.3d 729, 733 (Tex.App.-Dallas 2000, pet. denied). Nonetheless, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Instrument Specialties, Inc. v. Tex. Employment Comm'n,* 924 S.W.2d 420, 422 (Tex.App.-Fort Worth 1996, writ denied).

█ The supreme court has held that the "limitation period for [filing a] civil action [under the Act] is also mandatory and jurisdictional." *Schroeder,* 813 S.W.2d at 487 n. 10; *see also Cent. Power & Light*

*Co. v. Caballero,* 872 S.W.2d 6, 7 (Tex. App.-San Antonio 1994, writ denied); *Brammer v. Martinaire, Inc.,* 838 S.W.2d 844, 848 (Tex.App.-Amarillo 1992, no writ); *Eckerdt v. Frostex Foods, Inc.,* 802 S.W.2d 70, 71 (Tex.App.-Austin 1990, no writ). The question of jurisdiction is fundamental and may be raised at any time. *Tullos v. Eaton Corp.,* 695 S.W.2d 568, 568 (Tex. 1985). Subject matter jurisdiction exists by operation of law only, and cannot be conferred upon the court by consent or waiver. *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex.2000).

## APPLICATION

The parties do not dispute that the statute of limitations here expired two years from February 11, 1997. Appellee claims, however, that because she exercised due diligence in serving Appellant once she learned that only the TCSD had been served, the date of service relates back to the date she filed her original petition. If her argument is correct, Appellee effectively "brought suit" before the two-year statute of limitations expired.

Appellee also asserts a policy-based or equity-based argument, referring us to a line of cases providing that it is inappropriate for government officials to play "shell games" with citizen litigants. By these cases, Appellee attempts to persuade us that to reverse the trial court's judgment and grant Appellant's plea to the jurisdiction would be allowing such a "shell game" because the same district attorney represents both TCSD and Appellant. *See e.g., Walls v. Travis County,* 958 S.W.2d 944 (Tex.App.-Austin 1998, pet. denied); *Castro v. Harris County,* 663 S.W.2d 502 (Tex. App.-Houston [1st Dist.] 1983, writ dism'd). Appellee argues that the district attorney should have informed her that the district attorney was representing only TCSD, rather than both TCSD and Appel-

lant, and that the district attorney purposely waited until after the statute of limitations expired to file special exceptions informing Appellee that she had failed to timely serve Appellant. The trial court was persuaded by this argument in the hearing on Appellee's motion for reconsideration wherein it stated: "There are dissimilar aspects of this case and *Walls v. Travis County,* but the overriding considerations in *Walls* . . . are compelling in this case." We discuss the due diligence and *Walls* arguments in turn.

## Due Diligence

The standard of due diligence required is "that diligence to procure service which an ordinarily prudent person would have used under the same or similar circumstances." *Hansler v. Mainka,* 807 S.W.2d 3, 5 (Tex.App.-Corpus Christi 1991, no writ) (quoting *Reynolds v. Alcorn,* 601 S.W.2d 785, 788 (Tex.Civ.App.-Amarillo 1980, no writ)). Whether a plaintiff was diligent in effecting service is normally a question of fact, but if no excuse is offered for a delay or if the lapse of time and a plaintiff's acts are such as to conclusively negate diligence, lack of diligence will be found as a matter of law. *See, e.g., Perry v. Kroger Stores,* 741 S.W.2d 533, 534 (Tex. App.-Dallas 1987, no writ) (op. on reh'g); *Liles v. Phillips,* 677 S.W.2d 802, 809 (Tex. App.-Fort Worth 1984, writ ref'd n.r.e.). After Appellant asserted its affirmative defense of limitations, the burden shifted to Appellee to demonstrate that she used due diligence in serving Appellant. *See Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex.1990); *Martinez v. Becerra,* 797 S.W.2d 283, 284 (Tex.App.-Corpus Christi 1990, no writ).

In *Boyattia,* the Dallas Court of Appeals addressed a similar issue. 18 S.W.3d at 731. There, the style of Boyattia's petition listed two individuals and the "County of

Dallas" as defendants, but mistakenly stated in the opening paragraph that Boyattia's claims were brought against said individuals and the "City of Dallas." Due to the mistake, the city's agent for service of process was initially served rather than the county's agent. *Id.* at 732. By the time the county's agent was properly served, the statute of limitations had expired. The trial court granted the county's motion for summary judgment based on its affirmative defense of limitations. *Id.*

Like Appellee here, Boyattia claimed that the date of service related back to the date the petition was filed because she used due diligence to procure service as soon as she learned the proper party had not been served. *Id.* The court of appeals noted that although there was "no dispute that Boyattia requested the clerk to issue a citation for the County at the time she filed her original petition," the clerk's office did not deliver the petition to the county for over three months after the citation was issued. *Id.* at 733. Despite that the mistake appeared to be the clerk's rather than Boyattia's, the court opined, "[W]hen a party learns, or by the exercise of diligence should have learned, that the clerk failed to fulfill his duty under rule [of civil procedure] 99, *it is incumbent upon the party to ensure that the job is done." Id.* at 734 (emphasis added) (quoting *Buie v. Couch*, 126 S.W.2d 565, 566 (Tex.Civ. App.-Waco 1939, writ ref'd)).

The court held that because the clerk delayed in serving the county for three months, Boyattia should have known the clerk was not fulfilling his duty to deliver the county's citation within a reasonable time. Furthermore, the court held, be-

cause there was no evidence to show that Boyattia took any effort to ensure delivery of service during the three-month interim period, "[w]e conclude Boyattia's failure to act ... constitutes a lack of diligence as a matter of law." *Boyattia*, 18 S.W.3d at 734 (citing *Holt v. D'Hanis State Bank*, 993 S.W.2d 237, 241 (Tex.App.-San Antonio 1999, no pet.) (holding an unexplained three-month delay in serving a party is a lack of due diligence as a matter of law)).

Here, rather than a three-month delay, we are faced with a twenty-eight-month delay. It is undisputed that Appellee requested service on Appellant's agent, Vandergriff, in both her original and amended petitions. But, it is uncontroverted that because of a mistake in the clerk's office or some other oversight, Appellant was not served for over two years. Appellee goes to great lengths to detail actions she took to procure service on Appellant *after* she learned at the September 22, 2000 special exceptions hearing that Appellant had not been served. However, she offers no reasonable excuse for the extensive delay in serving Appellant that occurred *prior* to the time TCSD filed its special exceptions.[2]

Like Boyattia, Appellee should have discovered through the exercise of diligence that Appellant was not properly served, especially after two years and four months elapsed. After three months, case law dictates that the clerk's responsibility to serve citation is replaced by the plaintiff's duty to ensure that service actually took place. *See id.; Holt*, 993 S.W.2d at 241. It was not TCSD's duty to bring to Appellee's attention the fact that she had failed to procure service on Appellant.

2. The record indicates that Appellee was "confused" about whether or not Appellant had been served. Because the same district attorney represents both TCSD and Appellant,

as county entities, Appellee mistakenly thought that TCSD's answer and discovery responses were also Appellant's.

## The *Walls* Argument

In *Walls,* the trial court rendered summary judgment against Walls based on its conclusion that the statute of limitations barred Walls' suit against Travis County, but the Austin Court of Appeals reversed. 958 S.W.2d at 945. There, Travis County was named as the only defendant in Walls' suit, but the sheriff's office, rather than the agent for the county, was served with notice of citation. *Id.* An assistant county attorney, who represented the sheriff's office, the county, and other county entities, filed an answer on behalf of the sheriff. The answer disclaimed that the sheriff was the proper entity to be served, but asserted a general denial and raised the affirmative defense of sovereign immunity. *Id.* Despite that the county attorney was initially only representing the sheriff's department, all of his objections and responses opened with "Comes Now Defendant Travis County" and were signed by the county attorney as "Attorney for Defendant Travis County." *Id.* Travis County eventually asserted the defense of limitations, claiming that Walls failed to exercise diligence in serving it, and moved for summary judgment on that basis. *Id.* at 946. The court of appeals reversed the trial court's decision to grant summary judgment relying on the rule that when the wrong defendant is sued and the proper defendant is not named until after limitations has expired, suit against the proper defendant will not be barred as long as the record reflects that there exists a special relationship between the two defendants and the defendant asserting the limitations defense was aware of the facts, was not misled, and was not disadvantaged in preparing its defense. *Id.* at 947.

We find *Walls* distinguishable, however. This is not a case in which the wrong defendant was sued. Appellee properly sued and requested service of citation on both TCSD and Appellant as defendants.

Moreover, in each document sent on behalf of TCSD, the record reflects that it was filed by the district attorney as "*Attorney for Defendant TCSD,*" not as attorney for Defendant Tarrant County. Therefore, the situation here is not like that in *Walls* where each document explicitly stated that it was filed on behalf of the county.

Furthermore, whereas Walls filed suit one day before the statute of limitations expired and had little or no opportunity to discover his error before the statute ran, Appellee had eight months from the time she filed suit and served TCSD until the statute of limitations expired to discover that Appellant had not been properly served. Also, Appellee was indirectly notified by the district attorney that she had failed to properly serve Appellant. In its amended original answer, TCSD alleged that there was a "defect of parties defendant" and in its answer to Appellee's request for disclosure, TCSD stated that it was not a proper party to the suit.

Perhaps most compelling is that in *Walls* the statute of limitations was merely a general statute of limitations applying to the time period within which a tort claim must be brought, whereas here, the labor code's requirement that suit be filed within two years is *jurisdictional and mandatory.* In other words, unless Appellee brought suit within two years of the date she filed her original charge with the TCHR, she failed to invoke the subject matter jurisdiction of the trial court. Neither *Walls* nor any other case we can find has applied the "wrong defendant" exception to abrogate the *jurisdictional* statute of limitations set forth in section 21.256.

Accordingly, we determine that a delay of more than twenty-eight months in effecting service demonstrates a lack of due diligence as a matter of law. Moreover, we disagree that the "wrong defendant"

exception should apply and decline to create an equitable exception for Appellee's failure to serve Appellant for over two years.

CONCLUSION

We reverse the trial court's decision to deny Appellant's plea to the jurisdiction because Appellee failed to invoke the trial court's subject matter jurisdiction over Appellant by timely bringing suit within two years as required by section 21.256 and render a take-nothing judgment in favor of Appellant.

RICHARDS, J., filed a dissenting opinion.

DAVID L. RICHARDS, Justice (Assigned), dissenting.

Because I believe the trial court was correct in its interpretation and application of the holding in *Walls v. Travis County*, 958 S.W.2d 944 (Tex.App.-Austin 1998, pet. denied), I respectfully dissent.