COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-266-CV

 

 

TEXAS COMPTROLLER OF                                                    APPELLANT

PUBLIC ACCOUNTS

 

                                                   V.

 

WESLEY LANDSFELD                                                              APPELLEE

 

                                              ------------

 

            FROM THE 96TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








This is an appeal from the denial of a plea to
the jurisdiction filed by the Texas Comptroller of Public Accounts (ATCPA@), which
in two issues questions (1) whether Appellee Wesley Landsfeld used due diligence in serving the TCPA and (2) whether the
equitable tolling exception applies to the jurisdictional limitations bar to
Landsfeld=s claims under the Texas
Commission on Human Rights Act (ATCHRA@).

II. 
Standard of Review/Procedural Background

As a part of the administrative review system
regarding employment practices, once the Texas Commission on Human Rights
issues a right-to-sue letter, a claimant must bring suit within sixty days of
receiving that notice, Tex. Lab. Code
Ann. ' 21.254 (Vernon 2006), and serve
the defendant within that time frame.  Davis
v. Educ. Serv. Ctr., 62 S.W.3d 890, 893 n.4 (Tex. App.CTexarkana
2001, no pet.); Roberts v. Padre Island Brewing Co., 28 S.W.3d 618, 621
(Tex. App.CCorpus Christi 2000, pet.
denied).  Should suit be filed but
service not completed within the sixty-day period, the date of service relates
back to the suit-filing date if the plaintiff exercised due diligence in
effectuating service.  Tarrant County
v. Vandigriff, 71 S.W.3d 921, 924-25 (Tex. App.CFort
Worth 2002, pet. denied) (citing Schroeder v. Tex. Iron Works, Inc., 813
S.W.2d 483, 485 (Tex. 1991)). 








Because the sixty-day limitation period is
jurisdictional, Tarrant County, 71 S.W.3d at 924, the TCPA in this
matter filed a plea to the jurisdiction asserting that as a matter of law,
there was an absence of due diligence of service of process, which meant the
service date then did not relate back to the filing date, and hence, the trial
court was without jurisdiction over the matter. 
The trial court denied the plea to the jurisdiction.  This appeal followed.  We review the denial of a plea to the
jurisdiction under a de novo standard.  See
Tex. Dep=t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 

III. 
Background Facts

Due to the nature of this appeal, it is expedient
to set forth a timeline of events pertinent to the issues before us.  

September 27, 2005: Landsfeld
filed a discrimination complaint with the Equal Employment Opportunity
Commission and the Texas Workforce Commission (ATWC@)
claiming that he was discriminated against by the TCPA during his employment
and that he was involuntarily retired.

June 8, 2006: Landsfeld received
a right-to-sue notice from the TWC, allowing him to bring suit within sixty
days from the notice date.

July 25, 2006: Landsfeld filed
his original petition naming the State of Texas as a defendant, and an amended
petition also naming the TCPA as a defendant, with service on both requested
through Ed Burbach, Attorney General, 209 West 14th Street, 8th Floor, Austin,
Texas 78701.

August 8, 2006: A copy of the
amended petition was faxed to counsel for the State of Texas with a note from
Landsfeld=s attorney stating, AIf I
have the wrong address for service, let me know and I=ll get
it sent to the correct one.@








August 2006 (exact date not in
the record): According to Landsfeld=s
counsel, Assistant Attorney General Shelley Dahlberg contacted her and asserted
that the State of Texas was not a proper party, but rather the TCPA was the
proper party and that she, Dahlberg, would be representing the TCPA, that she
would act as an agent for service for the TCPA, and that she would answer for
the TCPA upon receipt of the amended pleading.

August 11, 2006: According to Dahlberg=s
affidavit, she called Landsfeld=s
counsel and explained that the TCPA would not file an answer until they had
been properly served.  A handwritten note
from the same day indicated that a message was left with Landsfeld=s
counsel that the TCPA would not be answering until properly served.

August 14, 2006: The first
amended petition is served on the Attorney General=s
office.

August 22, 2006: An entry in the
litigation software program in the Attorney General=s office
reads as follows: AAs of today defendants have not
been properly served.  SND spoke to
Hutchinson [Landsfeld=s counsel] regarding
service.  State to be served through
Secretary of State.  Comptroller=s Office
not served yet.  SND spoke to Kevin Van
Oort, Deputy General Counsel.  Kevin said
the Comptroller=s Office does not waive
service.  Answer shelled in directory,
not sent.@








September 4, 2006: The TCPA
answer date based on an August 8, 2006 service date. 

November 10, 2006: Landsfeld
filed his second amended petition requesting service through Carole Keeton
Strayhorn, 111 East 17th Street, LBJ Office Building, Austin, Texas 78774. 

November 27, 2006: TCPA served with the second amended petition.

IV.  Due
Diligence

AThe standard of due diligence
required is that diligence to procure service which an ordinary prudent person
would have used under the same or similar circumstances.@  Vandigriff, 71 S.W.3d at 925
(citations omitted).

[O]nce a defendant has
affirmatively pled the limitations defense and shown that service was effected
after limitations expired, the burden shifts to the plaintiff Ato explain the delay.@ . . . [T]he plaintiff=s explanation of its
service efforts may demonstrate a lack of due diligence as a matter of law, as
when one or more lapses between service efforts are unexplained or patently
unreasonable.  But if the plaintiff=s explanation for the
delay raises a material fact issue concerning the diligence of service efforts,
the burden shifts back to the defendant to conclusively show why, as a matter
of law, the explanation is insufficient.

 

Proulx v. Wells, 235 S.W.3d 213, 216 (Tex. 2007) (citations
omitted).  AThus, it
is the plaintiff=s burden to present evidence
regarding the efforts that were made to serve the defendant, and to explain
every lapse in effort or period of delay.@  Id. 








In assessing diligence,
the relevant inquiry is whether the plaintiff acted as an ordinarily prudent
person would have acted under the same or similar circumstances and was
diligent up until the time the defendant was served.  Generally, the question of the plaintiff=s diligence in effecting
service is one of fact, and is determined by examining the time it took to
secure citation, service, or both, and the type of effort or lack of effort the
plaintiff expended in procuring service.

 

Id. (citations omitted).  AOnly in
rare instances have the Texas courts concluded that an excuse offered by the
plaintiffs for failure to procure service negated the exercise of due diligence
as a matter of law.@ 
Saenz v. Keller Indus. of Tex., Inc., 951 F.2d 665, 667 (5th Cir.
1992). 

V.  Summary
of the Parties= Arguments








It is the TCPA=s
position that proper service was not had on it until November 27, 2006, some
three months and twenty days after the sixty-days-to-sue date had expired.  Further, even if the Aimproper@ service
on the Attorney General on August 8, 2006, was somehow Aproper,@ and the
answer date was therefore September 4, Landsfeld waited sixty-seven days after
the September 4 answer date to file his second amended petition on November 10,
2006, and another seventeen days elapsed before service was had.  No explanation, according to the TCPA, has been
forthcoming from Landsfeld to explain these lapses in time, and this, the TCPA
argues, demonstrates a clear absence of due diligence as a matter of law.  Hence, the TCPA contends, the trial court
erred in not granting its plea to the jurisdiction.

It is Landsfeld=s
position that his counsel was informed by the Attorney General=s
counsel that she would accept service for the TCPA and would be answering for
them.  Nevertheless, A[a]s
soon as it became clear to Landsfeld=s
counsel that an answer was not going to be filed because Defendant was waiting
for a different person to be served, Landsfeld=s
counsel immediately filed an Amended Petition on November 10, 2006 and
requested citation, which was served . . . on November 27, 2006.@  He also asserts that the note of August 22
shows that Dahlberg was discussing acceptance of service with Deputy General
Counsel Van Oort and poses the question, AWhy
would he be telling her that if they weren=t
discussing the fact that she had agreed to accept service?@  He also points to a vacation letter dated
November 21, 2006, filed by Dahlberg that Aunderscores
the reasonableness of Landsfeld=s
counsel=s belief
that the Assistance [sic] Attorney General represented that she was the proper
agent for service and that she had been served.@  According to Landsfeld, taken together these
acts show due diligence on his behalf in effectuating service on the TCPA, and
denial of the TCPA=s plea was proper.

 

 








VI.  Case
Law








As discussed by the parties to this case, our
supreme court has recently considered a case concerning the alleged absence of
diligence in serving the defendant with process, wherein suit was filed May 2,
2003, and service was effectuated January 26, 2004, an interim period of more
than eight months and three weeks.  Proulx,
235 S.W.3d at 214.  In that case, the
court of appeals held that limitations barred the plaintiff=s suit
due to an absence of diligence in serving the defendant with process as a
matter of law.  Id.  The supreme court reviewed several previous
cases that established such absence of due diligence: Gant v. DeLeon,
786 S.W.2d 259, 260 (Tex. 1990) (holding that plaintiff had failed to exercise
due diligence as a matter of law because he provided no explanation for delays
in service for three periods totaling thirty-eight months); Webster v.
Thomas, 5 S.W.3d 287, 291 (Tex. App.CHouston
[14th Dist.] 1999, no pet.) (holding no due diligence as a matter of law when
evidence showed plaintiff=s actions over four months were
not designed to procure the issuance and service of citation); Butler v.
Ross, 836 S.W.2d 833, 836 (Tex. App.CHouston
[1st Dist.] 1992, no writ) (holding five-and-a-half months of inactivity and no
service efforts between failed attempts at the wrong address and proper service
at the correct address constituted a lack of due diligence); Hansler v.
Manika, 807 S.W.2d 3, 5 (Tex. App.CCorpus
Christi 1991, no writ) (stating that request for service five months after suit
was filed affirmatively demonstrated lack of due diligence).  Proulx, 235 S.W.3d at 217.  The supreme court went on to hold that there
was no comparable period of unexplained inaction and therefore a lack of
diligence had not been conclusively established.  Id. 

VII. 
Analysis

Bearing in mind that only in rare instances does
an excuse offered by the plaintiff for the failure to procure timely service
negate the exercise of due diligence as a matter of law, and after
reviewing the cases cited in the parties=
briefing and other relevant case law on the issue of due diligence as discussed
in this opinion, and considering the burden-shifting analysis set forth in Proulx,
we hold that the TCPA has not conclusively shown that the explanations for the
delays in question were insufficient as a matter of law.  Therefore, we hold that, as in most cases of
this type, a fact question exists as to whether due diligence was used by
Landsfeld in effecting service on the TCPA. 
We overrule TCPA=s first issue.

 

 

 

 








VIII. 
Conclusion

Having overruled the TCPA=s first
issue, which is dispositive, we do not reach the TCPA=s second
issue.  Tex.
R. App. P. 47.1.  The trial court=s order
denying the TCPA=s plea to the jurisdiction is
affirmed.

 

 

BOB
MCCOY

JUSTICE

 

PANEL B:   DAUPHINOT,
GARDNER, and MCCOY, JJ.

 

DELIVERED: March 6, 2008

 











[1]See Tex. R. App. P. 47.4.