

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-266-CV

TEXAS COMPTROLLER OF                                          APPELLANT
PUBLIC ACCOUNTS

V.

WESLEY LANDSFELD                                                APPELLEE

------------

## FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

This is an appeal from the denial of a plea to the jurisdiction filed by the

Texas Comptroller of Public Accounts ("TCPA"), which in two issues questions

(1) whether Appellee Wesley Landsfeld used due diligence in serving the TCPA

and (2) whether the equitable tolling exception applies to the jurisdictional

---

[1]*See* TEX. R. APP. P. 47.4.

limitations bar to Landsfeld's claims under the Texas Commission on Human Rights Act ("TCHRA").

## II. Standard of Review/Procedural Background

As a part of the administrative review system regarding employment practices, once the Texas Commission on Human Rights issues a right-to-sue letter, a claimant must bring suit within sixty days of receiving that notice, TEX. LAB. CODE ANN. § 21.254 (Vernon 2006), and serve the defendant within that time frame. *Davis v. Educ. Serv. Ctr.*, 62 S.W.3d 890, 893 n.4 (Tex. App.—Texarkana 2001, no pet.); *Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 621 (Tex. App.—Corpus Christi 2000, pet. denied). Should suit be filed but service not completed within the sixty-day period, the date of service relates back to the suit-filing date if the plaintiff exercised due diligence in effectuating service. *Tarrant County v. Vandigriff*, 71 S.W.3d 921, 924-25 (Tex. App.—Fort Worth 2002, pet. denied) (citing *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991)).

Because the sixty-day limitation period is jurisdictional, *Tarrant County,* 71 S.W.3d at 924, the TCPA in this matter filed a plea to the jurisdiction asserting that as a matter of law, there was an absence of due diligence of service of process, which meant the service date then did not relate back to the filing date, and hence, the trial court was without jurisdiction over the matter.

2

The trial court denied the plea to the jurisdiction. This appeal followed. We review the denial of a plea to the jurisdiction under a de novo standard. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

### III. Background Facts

Due to the nature of this appeal, it is expedient to set forth a timeline of events pertinent to the issues before us.

September 27, 2005: Landsfeld filed a discrimination complaint with the Equal Employment Opportunity Commission and the Texas Workforce Commission ("TWC") claiming that he was discriminated against by the TCPA during his employment and that he was involuntarily retired.

June 8, 2006: Landsfeld received a right-to-sue notice from the TWC, allowing him to bring suit within sixty days from the notice date.

July 25, 2006: Landsfeld filed his original petition naming the State of Texas as a defendant, and an amended petition also naming the TCPA as a defendant, with service on both requested through Ed Burbach, Attorney General, 209 West 14th Street, 8th Floor, Austin, Texas 78701.

August 8, 2006: A copy of the amended petition was faxed to counsel for the State of Texas with a note from Landsfeld's attorney stating, "If I have the wrong address for service, let me know and I'll get it sent to the correct one."

3

August 2006 (exact date not in the record): According to Landsfeld's counsel, Assistant Attorney General Shelley Dahlberg contacted her and asserted that the State of Texas was not a proper party, but rather the TCPA was the proper party and that she, Dahlberg, would be representing the TCPA, that she would act as an agent for service for the TCPA, and that she would answer for the TCPA upon receipt of the amended pleading.

August 11, 2006: According to Dahlberg's affidavit, she called Landsfeld's counsel and explained that the TCPA would not file an answer until they had been properly served. A handwritten note from the same day indicated that a message was left with Landsfeld's counsel that the TCPA would not be answering until properly served.

August 14, 2006: The first amended petition is served on the Attorney General's office.

August 22, 2006: An entry in the litigation software program in the Attorney General's office reads as follows: "As of today defendants have not been properly served. SND spoke to Hutchinson [Landsfeld's counsel] regarding service. State to be served through Secretary of State. Comptroller's Office not served yet. SND spoke to Kevin Van Oort, Deputy General Counsel. Kevin said the Comptroller's Office does not waive service. Answer shelled in directory, not sent."

4

September 4, 2006: The TCPA answer date based on an August 8, 2006 service date.

November 10, 2006: Landsfeld filed his second amended petition requesting service through Carole Keeton Strayhorn, 111 East 17th Street, LBJ Office Building, Austin, Texas 78774.

November 27, 2006: TCPA served with the second amended petition.

## IV. Due Diligence

"The standard of due diligence required is that diligence to procure service which an ordinary prudent person would have used under the same or similar circumstances." *Vandigriff*, 71 S.W.3d at 925 (citations omitted).

> [O]nce a defendant has affirmatively pled the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff "to explain the delay." . . . [T]he plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable. But if the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient.

*Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (citations omitted). "Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id*.

5

> In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served. Generally, the question of the plaintiff's diligence in effecting service is one of fact, and is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service.

*Id.* (citations omitted). "Only in rare instances have the Texas courts concluded that an excuse offered by the plaintiffs for failure to procure service negated the exercise of due diligence as a matter of law." *Saenz v. Keller Indus. of Tex., Inc.*, 951 F.2d 665, 667 (5th Cir. 1992).

### V. Summary of the Parties' Arguments

It is the TCPA's position that proper service was not had on it until November 27, 2006, some three months and twenty days after the sixty-days-to-sue date had expired. Further, even if the "improper" service on the Attorney General on August 8, 2006, was somehow "proper," and the answer date was therefore September 4, Landsfeld waited sixty-seven days after the September 4 answer date to file his second amended petition on November 10, 2006, and another seventeen days elapsed before service was had. No explanation, according to the TCPA, has been forthcoming from Landsfeld to explain these lapses in time, and this, the TCPA argues, demonstrates a clear

6

absence of due diligence as a matter of law. Hence, the TCPA contends, the trial court erred in not granting its plea to the jurisdiction.

It is Landsfeld's position that his counsel was informed by the Attorney General's counsel that she would accept service for the TCPA and would be answering for them. Nevertheless, "[a]s soon as it became clear to Landsfeld's counsel that an answer was not going to be filed because Defendant was waiting for a different person to be served, Landsfeld's counsel immediately filed an Amended Petition on November 10, 2006 and requested citation, which was served . . . on November 27, 2006." He also asserts that the note of August 22 shows that Dahlberg was discussing acceptance of service with Deputy General Counsel Van Oort and poses the question, "Why would he be telling her that if they weren't discussing the fact that she had agreed to accept service?" He also points to a vacation letter dated November 21, 2006, filed by Dahlberg that "underscores the reasonableness of Landsfeld's counsel's belief that the Assistance [sic] Attorney General represented that she was the proper agent for service and that she had been served." According to Landsfeld, taken together these acts show due diligence on his behalf in effectuating service on the TCPA, and denial of the TCPA's plea was proper.

7

## VI. Case Law

As discussed by the parties to this case, our supreme court has recently considered a case concerning the alleged absence of diligence in serving the defendant with process, wherein suit was filed May 2, 2003, and service was effectuated January 26, 2004, an interim period of more than eight months and three weeks. *Proulx*, 235 S.W.3d at 214. In that case, the court of appeals held that limitations barred the plaintiff's suit due to an absence of diligence in serving the defendant with process as a matter of law. *Id*. The supreme court reviewed several previous cases that established such absence of due diligence: *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (holding that plaintiff had failed to exercise due diligence as a matter of law because he provided no explanation for delays in service for three periods totaling thirty-eight months); *Webster v. Thomas*, 5 S.W.3d 287, 291 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding no due diligence as a matter of law when evidence showed plaintiff's actions over four months were not designed to procure the issuance and service of citation); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ) (holding five-and-a-half months of inactivity and no service efforts between failed attempts at the wrong address and proper service at the correct address constituted a lack of due diligence); *Hansler v. Manika*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991, no writ)

8

(stating that request for service five months after suit was filed affirmatively demonstrated lack of due diligence). *Proulx*, 235 S.W.3d at 217. The supreme court went on to hold that there was no comparable period of unexplained inaction and therefore a lack of diligence had not been conclusively established. *Id*.

## VII. Analysis

Bearing in mind that only in rare instances does an excuse offered by the plaintiff for the failure to procure timely service negate the exercise of due diligence *as a matter of law*, and after reviewing the cases cited in the parties' briefing and other relevant case law on the issue of due diligence as discussed in this opinion, and considering the burden-shifting analysis set forth in *Proulx*, we hold that the TCPA has not conclusively shown that the explanations for the delays in question were insufficient *as a matter of law*. Therefore, we hold that, as in most cases of this type, a fact question exists as to whether due diligence was used by Landsfeld in effecting service on the TCPA. We overrule TCPA's first issue.

## VIII.  Conclusion

Having overruled the TCPA's first issue, which is dispositive, we do not reach the TCPA's second issue.  TEX. R. APP. P. 47.1.  The trial court's order denying the TCPA's plea to the jurisdiction is affirmed.

BOB MCCOY
JUSTICE

PANEL B:   DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED: March 6, 2008