

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-369-CV

KEITH D. JOHNSON                                                    APPELLANT

V.

CITY OF FORT WORTH D/B/A                                             APPELLEE
FORT WORTH CITY POLICE
DEPARTMENT

------------

## FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Keith D. Johnson appeals the trial court's decision to grant appellee City of Fort Worth d/b/a Fort Worth City Police Department's traditional motion for summary judgment. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## Background Facts

The relevant, undisputed facts that form the basis of this appeal are as follows. On November 7, 2007, Johnson filed his original petition against appellee, alleging that appellee denied him reemployment as a police officer because he is black. The petition asserted that Johnson had filed a charge of discrimination with the Texas Workforce Commission (TWC) and that he had received TWC's letter informing him of his right to sue before filing the petition.[2] The petition further stated that it could be served on "County Judge, B. Glen Whitley."

After receiving no answer to the petition, while preparing to file a default judgment motion, Johnson's counsel determined that she had incorrectly served Whitley. Thus, on December 26, 2007, Johnson amended his petition to replace Whitley with Fort Worth Mayor Mike Moncrief.[3] On January 8, 2008, appellee answered the petition by asserting a general denial as well as several

---

[2] In part, TWC's letter states, "This notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION."

[3] In a suit against a city, citation may be served only on the city's mayor, clerk, secretary, or treasurer. Tex. Civ. Prac. & Rem. Code Ann. § 17.024(b) (Vernon 2008); *see Skaggs v. City of Keller*, 880 S.W.2d 264, 266 (Tex. App.—Fort Worth 1994, writ denied). A deputy constable served Mayor Moncrief with the amended petition on January 2, 2008.

2

affirmative defenses, including that Johnson's claim was barred by the statute of limitations contained in section 21.254 of the labor code. *See* Tex. Lab. Code Ann. § 21.254 (Vernon 2006).

In April 2008, appellee filed a motion for summary judgment on the basis of its statute of limitations defense. In its motion, appellee admitted that Johnson timely filed a discrimination charge with TWC and that he timely filed his original petition after receiving the notice of his right to sue. However, appellee contended that Johnson's suit was nonetheless barred because he did not serve appellee with the lawsuit until more than fifty days after the statutory limitations period expired.

In June 2008, Johnson filed his response to appellee's motion, asserting that the inadvertent designation in his original petition of Whitley rather than Mayor Moncrief as the city's agent for service did not create a bar to his suit by the labor code's statute of limitations because he was still diligent in serving Mayor Moncrief. The trial court granted appellee's motion and dismissed all of Johnson's claims with prejudice. Johnson timely filed his notice of this appeal.

## Summary Judgment Standards

We must use the standards related to a traditional motion for summary judgment under rule of civil procedure 166a(c) to determine whether appellee rightfully prevailed on its statute of limitations affirmative defense.[4] *See* Tex. R. Civ. P. 166a(c); *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 840 (Tex. App.—Dallas 2008, no pet.); *Salahat v. Kincaid*, 195 S.W.3d 342, 343 (Tex. App.—Fort Worth 2006, no pet.). In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). A defendant is entitled to summary judgment on the affirmative defense of limitations if the defendant

---

[4] Johnson raised two issues in his appellate brief. The first issue regarded whether the analysis in this appeal should be based on traditional or no-evidence summary judgment standards; the issue resembles a discussion regarding our standard of review rather than a ground for reversal of the trial court's judgment. Johnson argued, appellee conceded, and we conclude that our review of the trial court's decision should be based on the traditional standards set forth by rule 166a(c). *See* Tex. R. Civ. P. 166a(c). Because we will review the trial court's decision based on those standards on a de novo basis, we overrule Johnson's first issue to the extent that it implicitly contends that the trial court evaluated appellee's summary judgment motion on other summary judgment principles. *See Gray v. Nash*, 259 S.W.3d 286, 289 (Tex. App.—Fort Worth 2008, pet. denied).

conclusively proves all the elements of the defense. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *see* Tex. R. Civ. P. 166a(b), (c).

**The Statute of Limitations Created by Section 21.254 of the Labor Code and the Requirement of Due Diligence in Serving a Citation**

Chapter 21 of the labor code creates a comprehensive administrative review system for obtaining relief from unlawful employment practices. *See* Tex. Lab. Code Ann. §§ 21.001–.107 (Vernon 2006); *Tarrant County v. Vandigriff*, 71 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied). After following the initial procedures related to a claim against an employer under that chapter, a plaintiff must file a civil action within sixty days of its receipt of TWC's notice that the plaintiff may sue. Tex. Lab. Code Ann. § 21.254; *see Vandigriff*, 71 S.W.3d at 924; *Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 621 (Tex. App.—Corpus Christi 2000, pet. denied).

When a suit under the labor code is filed within the sixty-day period, it may be properly served outside of that period only where the plaintiff has exercised due diligence in obtaining service. *See Vandigriff*, 71 S.W.3d at 924–25*; Roberts*, 28 S.W.3d at 621. In other words, "when a plaintiff files suit within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing only if the plaintiff continuously exercised due diligence in effecting

5

service of citation upon the defendant." *Roberts*, 28 S.W.3d at 621; *see Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007); *Vandigriff*, 71 S.W.3d at 924. The existence of such diligence is "usually a question of fact." *Roberts*, 28 S.W.3d at 622; *see Vandigriff*, 71 S.W.3d at 925 (noting, however, that if "no excuse is offered for a delay or if the lapse of time and a plaintiff's acts are such as to conclusively negate diligence, lack of diligence will be found as a matter of law").

The standard of due diligence is based on the care that an ordinarily prudent person would have used under the same or similar circumstances from the date the suit was filed until the date it was served. *Proulx*, 235 S.W.3d at 216; *James v. Gruma Corp.*, 129 S.W.3d 755, 759 (Tex. App.—Fort Worth 2004, pet. denied); *Vandigriff*, 71 S.W.3d at 925. When a defendant asserts its limitations defense based upon service of process outside of the limitations period, the burden shifts to the plaintiff to demonstrate that it used due diligence. *Proulx*, 235 S.W.3d at 216. However, if the "plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient." *Id.* It is not the period of delay, but rather the diligence in pursuing service of process, that is the

determinative factor. *See Johnson v. City of Houston*, 203 S.W.3d 7, 10 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

The parties agree that Johnson received TWC's right to sue letter on September 10, 2007 and that he filed his suit on November 7, 2007, which is within the sixty-day period provided by section 21.254. The parties also agree that appellee was not served until January 2, 2008, more than fifty days after the statutory period expired. Therefore, we must determine whether, as a matter of law, Johnson was not diligent in serving appellee because he mistakenly named and served Whitley rather than Mayor Moncrief with his original petition. *See Proulx*, 235 S.W.3d at 216.

Authority indicates that the diligence analysis extends to the plaintiff's initial determination of who to serve with its petition. For instance, in *Nabelek v. City of Houston*, the Houston (First District) Court of Appeals concluded that a lack of diligence in service was established as a matter of law because (in part) the plaintiff initially attempted to serve his petition on the city's legal counsel. No. 01-06-01097-CV, 2008 WL 5003737, at *7–9 (Tex. App.—Houston [1st Dist.] Nov. 26, 2008, no pet.) (mem. op.). After noting that the city's correct agent for service is set forth by statute, the court stated that it was "Nabelek's responsibility to ascertain the proper person to serve, to

7

request that citation be issued on that person, to ensure that service was executed on that person, and to do so with due diligence." *Id.* at *8.

Similarly, in *Hoehn v. Dallas County Mental Health and Mental Retardation Center*, the Dallas Court of Appeals examined whether Hoehn was diligent in serving her citation six months following the expiration of a two-year limitations period when she initially incorrectly served a county judge as the purported agent for the defendant. No. 05-94-01515-CV, 1995 WL 500271, at *2 (Tex. App.—Dallas Aug. 16, 1995, no writ) (not designated for publication). Hoehn argued that there was a

> fact issue as to whether she used due diligence because she believed she served MHMR on August 18, 1992, when she served [the county judge]. Specifically, she maintain[ed] she was "under the impression" [the county judge] was the proper party for service of process because MHMR is listed in the phone book under "Dallas County" and [the county judge] is the proper agent for service on Dallas County.

*Id.* The court of appeals framed the issue as whether "Hoehn's explanation that she served the wrong person raise[d] a fact issue on due diligence." *Id.* at *3. The court then concluded that the explanation did not raise such a fact issue, reasoning,

> Under [the civil practices and remedies code], Hoehn should have served the administrative head of MHMR. The administrative head of MHMR was Don Gilbert. [The county judge] is not and has never been the administrative head of MHMR. Hoehn offers no explanation for her failure to comply or attempt to comply with the

8

statute. Nor did Hoehn contact Gary W. Sibley, the attorney representing MHMR, to ascertain the proper agent for service of process.

. . . .

We conclude Hoehn's explanation that she served the wrong party does not raise a fact issue on due diligence. The Texas Civil Practices and Remedies Code makes clear the correct agent for service on MHMR would be Don Gilbert, the administrative head of MHMR. Hoehn's mistake, in the face of an explicit statute, and her failure to learn of her mistake for five months is not consistent with due diligence.

*Id.* (citation omitted); *see also Leal v. City of Rosenberg*, No. 07-00-00140-CV, 2001 WL 476511, at *4 (Tex. App.—Amarillo May 7, 2001, no pet.) (not designated for publication) (stating that "[r]equesting service upon the wrong individual is not ordinary prudence in securing service"); *cf. Sibley v. Kaiser Found. Health Plan of Tex.*, 998 S.W.2d 399, 405–06 (Tex. App.—Texarkana 1999, no pet.) (holding that though the plaintiff initially attempted to serve the wrong party in a suit under section 21.254 of the labor code, he was nonetheless diligent in serving the suit on the correct party after limitations expired because "any confusion was caused by [the defendant's] use of multiple names for its various organizations and the apparent inability of its registered agent to provide information that would permit a party to pinpoint [its] actual name").

We believe that these persuasive decisions stand for the proposition that the matter of diligence in service beyond the expiration of a limitations period applies to the plaintiff's initial determination of who to serve. *See also James*, 129 S.W.3d at 759 (stating that the duty of diligence in service begins on the "date suit is filed"). We agree with that concept, and we therefore conclude and hold that Johnson was required to be diligent in his initial designation of appellee's service agent.

Johnson has not cited any summary judgment evidence indicating that he was diligent in his initial designation of Whitley as appellee's service agent by making reasonable (though ultimately faulty) efforts to determine the correct service agent. Instead, he has merely characterized his naming of Whitley as appellee's agent for service in his initial petition as an "inadvertent mistake."

Further, Johnson's counsel's affidavit (attached to Johnson's summary judgment response) affirmatively demonstrates a lack of diligence in the initial determination of appellee's proper agent for service. It states,

> The time frame for an answer came and went with no answer filed by [appellee]. I then had my staff call to see how long the Citation of Service had been filed in preparation of filing a Motion for Default Judgment. In the process of looking at the service that had been obtained, I noted that it had been served on the County Judge and the Plaintiff had sued the City. *I immediately checked as to who would obtain service for the City*. I amended [the petition] and once again made arrangements to have a process server serve the citation . . . . [Emphasis added.]

10

This explanation demonstrates that Johnson's counsel waited until after her discovery that the petition had been improperly served, and therefore after the statutory limitations period had expired, to investigate appellee's proper agent for service. As noted above, appellee's correct agent in this regard is specifically set forth by a statute; this statute could have been followed with reasonable diligence. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.024(b). Under these circumstances, we cannot conclude that Johnson met his burden to raise any material fact issue demonstrating his due diligence in serving appellee correctly. *See Proulx*, 235 S.W.3d at 216.

Johnson also contends that appellee suffered no prejudice from being served with the petition just over fifty days after the limitations period expired. First, Johnson has cited no authority indicating that prejudice is relevant to a statute of limitations defense when the correct defendant is sued but it is improperly served.[5] Second, though approximately fifty days may be a short amount of time relative to the delays of service in the cases cited above, it is still almost the full length of the statutory limitations period created by section

---

[5] When a plaintiff mistakenly *sues the wrong party*, limitations is tolled when the proper defendant had notice of the suit and is not prejudiced by the mistake. *See Maher v. Herrman*, 69 S.W.3d 332, 338 (Tex. App.—Fort Worth 2002, pet. denied). Here, Johnson did not sue the wrong party; he served the wrong agent.

21.254. *See* Tex. Lab. Code Ann. § 21.254; *see also Windle v. Mary Kay, Inc.*, No. 05-02-00252-CV, 2003 WL 21508782, at *1–3 (Tex. App.—Dallas July 1, 2003, pet. denied) (mem. op.) (affirming the trial court's decision to grant the defendant's summary judgment motion under the statute of limitations in section 21.254 when service of the citation was less than forty days late); *Roberts*, 28 S.W.3d at 621–22 (determining that a seventy-six day delay in service of a claim filed under section 21.254 provided a sufficient ground for dismissal under the statute of limitations).

For all of these reasons, we hold that Johnson's service of his petition on appellee does not relate back to the day he originally filed it, that appellee established its statute of limitations defense as a matter of law, and that the trial court therefore properly granted appellee's summary judgment motion. Thus, we overrule Johnson's second issue.

### Conclusion

Having overruled both of Johnson's issues, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL: LIVINGSTON, MCCOY and MEIER, JJ.

DELIVERED: March 26, 2009