**Affirmed and Memorandum Opinion filed January 5, 2017.**



In the

# Fourteenth Court of Appeals

## NO. 14-15-00969-CV

**FATAI OYEJOBI, Appellant**

**V.**

**DOLLAR TREE STORES, INC., Appellee**

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2014-32334**

# MEMORANDUM OPINION

In one issue, Fatai Oyejobi appeals from the trial court's grant of summary judgment in favor of Dollar Tree Stores, Inc. Finding no error, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to Oyejobi, he slipped and fell in a Dollar Tree store on June 5, 2012. On June 5, 2014, he filed his original petition against Dollar Tree alleging personal injury. Oyejobi requested citation and service. On January 21, 2015, the

trial court issued notice of its intent to dismiss for want of prosecution. The citation issued on February 5, 2015, and Dollar Tree was served on February 10, 2015. Dollar Tree timely filed its answer, asserting limitations as an affirmative defense.

Dollar Tree filed a motion for traditional summary judgment on limitations. Dollar Tree argued it met its initial burden to show that service occurred after the limitations period had expired. In addition, Dollar Tree argued that as a matter of law Oyejobi failed to exercise diligence in achieving service. To its motion Dollar Tree attached: Oyejobi's original petition, the district clerk's record of activity, the notice of intent to dismiss, Oyejobi's discovery responses, the citation and the district clerk's record of citation activity, the return receipt green card, and Dollar Tree's original answer.

Oyejobi responded that his actions in connection with seeking service raised a fact issue regarding diligence. To his response Oyejobi attached: his request for service and an affidavit from his attorney.

The trial court granted Dollar Tree's traditional motion for summary judgment. Oyejobi filed a motion for reconsideration. The trial court denied Oyejobi's motion, and Oyejobi timely appealed.

## II.   ANALYSIS

We apply de novo review to the grant of a traditional motion for summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Courts properly render summary judgment if the motion and evidence show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985).

2

A suit for personal injuries must be brought within two years from the time the cause of action accrues. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2002 & Supp. 2016). To comply with the statute of limitations, a plaintiff must file suit within the limitations period and use due diligence in the issuance and service of citation. *See Proulx v. Wells,* 235 S.W.3d 213, 215 (Tex. 2007) (per curiam). If service is diligently effected after limitations have expired, the date of service will relate back to the filing date. *Id.* (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)). "[I]t is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Proulx*, 235 S.W.3d at 216.

Generally, diligence in effecting service is a fact question. *Id.* However, summary judgment is proper when "the plaintiff's explanation of its service efforts demonstrate[s] a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable." *Id.* (citing *Gant*, 786 S.W.2d at 260; *Brown v. Shores*, 77 S.W.3d 884, 887 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Tarrant Cty. v. Vandigriff*, 71 S.W.3d 921, 925–26 (Tex. App.—Fort Worth 2002, pet. denied)). "[T]he relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Id.* In determining diligence, we examine "the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Id.*

Because Dollar Tree pleaded limitations and presented evidence that service was not timely, the burden shifted to Oyejobi to explain his diligence. *See Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) ("When a defendant has affirmatively pleaded the defense of limitations, and shown that service was not

3

timely, the burden shifts to the plaintiff to prove diligence."). Oyejobi proffered this explanation: he properly requested service by certified mail at the time of filing, reasonably expected the clerk to issue service, and after receiving the notice of intent to dismiss was diligent in effectuating service as soon as possible.

However, "the measure of diligence begins from the time the suit is filed and an explanation is needed for every period of delay." *Sharp v. Kroger Tex. L.P.*, 500 S.W.3d 117, 119 (Tex. App.—Houston [14th Dist.] July 21, 2016, no pet.). Even though Oyejobi details the steps he took to procure service on Dollar Tree *after* he received the notice of intent to dismiss and discovered the lack of service on Dollar Tree, he fails to provide a reasonable explanation for the over-seven-month delay in serving Dollar Tree that occurred prior to when the trial court issued its notice of intent to dismiss. *See id.* at 121 (due diligence negated as matter of law where plaintiff "le[ft] unexplained her five-month delay in requesting citation and effecting service").

The fact that the clerk made a mistake in not issuing the requested service does not support Oyejobi's diligence. It is ultimately the plaintiff's responsibility to ensure that citation is served on the defendant, and the plaintiff may not "wholly ignore" this duty for a lengthy period. *See* Tex. R. Civ. P. 99(a); *Boyattia v. Hinojosa*, 18 S.W.3d 729, 734 (Tex. App.—Dallas 2000, pet. denied) (affirming summary judgment where plaintiff took no action during three-month period citation was with clerk); *see also Stoney v. Gurmatakis*, No. 01-09-00733-CV, 2010 WL 1840247, at *4 (Tex. App.—Houston [1st Dist.] May 6, 2010, no pet.) (mem. op.) (two-month delay); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ) (five-month delay). Oyejobi made no inquiry with the clerk and took no action whatsoever for seven months—from the time he filed his petition until he discovered that Dollar Tree had not been served.

4

We conclude that the evidence presented to the trial court established as a matter of law that Oyejobi failed to use diligence in procuring the citation and effecting service on Dollar Tree. Therefore, the trial court did not err in granting summary judgment in favor of Dollar Tree.

We overrule Oyejobi's sole issue.

### III. CONCLUSION

Accordingly, we affirm the trial court's judgment.


/s/  Marc W. Brown
Justice


Panel consists of Justices Busby, Donovan, and Brown.