# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-09-00137-CV

---

**Alvis Lee Brooks, Appellant**

**v.**

**Burnet Central Appraisal District and Appraisal Review Board of Burnet County, Appellees**

---

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT NO. 35707, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

---

### O P I N I O N

Appellant Alvis Lee Brooks, appearing pro se, appeals from the trial court's order granting a plea to the jurisdiction filed by the Burnet Central Appraisal District ("BCAD") and the Appraisal Review Board of Burnet County ("the Review Board"), and dismissing his property-tax protest suit. We reverse the trial court's judgment.

### BACKGROUND

Brooks filed a property-tax protest with the Review Board in May 2008, in connection with property he owned in Marble Falls. The Review Board issued notice of its final order on Brooks's protest on September 12, 2008, and the record indicates that Brooks received the notice on September 20, 2008.

On October 29, 2008, Brooks filed his initial petition in district court, naming BCAD, the City of Marble Falls, and "The State of Texas 'et al,'" as defendants. No defendants were served with the initial petition, which was entitled, "Plaintiff's Original Petition; without service of the defendants." On December 19, 2008, Brooks filed his first amended petition, entitled, "Plaintiff's 1st amended petition : With service of all the Burnet County defendants." BCAD was served with the amended petition. The Review Board was added as a defendant, but was not served.

BCAD and the Review Board filed pleas to the jurisdiction, asserting that Brooks failed to properly exhaust his administrative remedies before filing suit because he failed to serve them within 45 days of receipt of the Review Board's final order as required by tax code section 42.21(a). *See* Tex. Tax Code Ann. § 42.21(a) (West Supp. 2009).[1] At the hearing on the plea to the jurisdiction, Brooks explained that he did not serve the defendants until he filed his amended petition because at the time he filed his original petition, he did not have sufficient funds to pay for service. The trial court granted the plea to the jurisdiction, and this appeal followed.

**DISCUSSION**

*Procedural Posture of Appeal*

As an initial matter, BCAD and the Review Board assert in their brief that because the final judgment did not dispose of all parties to the appeal, this is an interlocutory appeal from the

---

[1] Effective June 19, 2009, the deadline for filing a petition for review under section 42.21 was amended from 45 to 60 days after a party receives notice of the review board's decision. Act of May 26, 2009, 81st Leg., R.S., ch. 905, § 1, 2009 Tex. Gen. Laws 2435. The amendment applies to any "appeals or refunds pending" as of the effective date. *Id.* § 3. However, the amendment is irrelevant to our disposition of this appeal, as it is undisputed that Brooks filed his original petition within the 45-day deadline, but did not serve any defendants until well after 60 days had passed. For simplicity, we will cite to the current version of the statute.

trial court's grant of a plea to the jurisdiction filed by a governmental entity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008).

The trial court's order on the plea to the jurisdiction only dismisses those claims raised against BCAD and the Review Board. After the trial court granted BCAD and the Review Board's plea to the jurisdiction, the City of Marble Falls filed its own plea to the jurisdiction on the basis of sovereign immunity. Based on the actions of the parties and the language of the order, it appears that the trial court's order on the plea to the jurisdiction is in fact interlocutory, appealable under section 51.014(a)(8) of the civil practice and remedies code.

*Failure to Timely Serve a Necessary Party*

Compliance with the statutory requirements of section 42.21, including the requirement that a petition for review must be filed within a certain number of days after the party receives notice of the review board's decision, is jurisdictional. *See Taufiq v. Harris County Appraisal Dist.*, 6 S.W.3d 652, 653 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

BCAD and the Review Board take the position that because Brooks failed to serve them within the deadline for filing a petition for review under section 42.21, the trial court lacked jurisdiction over Brooks's appeal. However, the only court of appeals that appears to have addressed this issue held that failure to properly serve a party within the deadline imposed by section 42.21 is *not* a jurisdictional bar. *See Bexar County Appraisal Dist. v. Walton Castroville SHRL Investors, III, L.P.*, No. 04-05-00046-CV, 2005 Tex. App. LEXIS 8947, at *7 (Tex. App.—San Antonio June 22, 2005, no pet.) (mem. op.) ("We conclude that the failure to serve notice of a claim on an opposing party within forty-five days under Tax Code section 42.21 does not deprive a court of

3

jurisdiction over an action on that claim."); *see also Texas Educ. Agency v. Donna Indep. Sch. Dist.*, 221 S.W.3d 791, 796 (Tex. App.—Corpus Christi 2007, no pet.) (declining to "impose service of citation within a very short limitations period as a jurisdictional prerequisite to suit" in absence of direction from legislature).

As the court noted in *Walton*, section 42.21 only requires that a petition for review be filed by the deadline in order to bring an appeal of the action of an appraisal review board. *See* Tex. Tax Code Ann. § 42.21(a) ("Failure to timely file a petition bars any appeal under this chapter."). While subsection (d) of section 42.21 provides guidance on how an appraisal district or appraisal review board may be served, there is no indication that serving these parties within the time limit set forth in subsection (a) is a jurisdictional prerequisite.[2] *See id.* § 42.21(d); *Walton Castroville SHRL Investors*, 2005 Tex. App. LEXIS 8947, at *6 ("Unlike subsection (a) [of section 42.21], subsection (d) does not dictate that service must be accomplished within forty-five days or the suit will be barred for lack of jurisdiction."). As a result, we hold that Brooks's appeal was not barred on jurisdictional grounds for failure to serve BCAD or the Review Board within the deadline described in section 42.21(a).

*Federal Claims*

While Brooks seems to have taken the position on appeal that this suit is a "tax tort/civil rights action" under federal law, specifically 42 U.S.C. § 1983 (West 2003), BCAD and

---

[2] An appraisal review board is not even a necessary party to a petition for review in district court under section 42.21. *See* Tex. Tax Code Ann. § 42.21(b) (West Supp. 2009). The applicable appraisal district, however, is a necessary party. *See id.*

the Review Board assert in their brief that "[t]his suit is governed by Chapter 42 of the Texas Tax Code and not 42 U.S.C. § 1983." In support of this argument, BCAD and the Review Board point out that Brooks did not raise any federal civil-rights claims in his pleadings, but raised them for the first time at the hearing on the plea to the jurisdiction. Because Brooks has not properly pleaded a civil-rights claim, we need not address the trial court's jurisdiction to consider any such claims. *See generally Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 582 (Tex. 2001) ("[A] state court must entertain a federal section 1983 claim when the parties and controversy are properly before it.").

## CONCLUSION

We reverse the trial court's order granting the plea to the jurisdiction and remand for further proceedings.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Reversed and Remanded

Filed: February 26, 2010

5