**BILINSCO INC. and Linda Boyd, Appellants,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal Review Board, Appellees.**

**No. 01–09–00877–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 22, 2010.

S. Scott Boyd, William C. Boyd, Patterson, Boyd & Lowery, P.C., Houston, TX, for Appellants.

Cynthia L. Hooper, Sarah M. Morrow, Olson & Olson, Houston, TX, for Appellees.

Panel consists of Chief Justice RADACK and Justices BLAND and SHARP.

## OPINION

JANE BLAND, Justice.

This is a property tax appraisal dispute. Bilinsco, Inc., and Linda Boyd (collectively, "Bilinsco") sued the Harris County Appraisal District ("the district") and the Harris County Appraisal Review Board ("the board") to challenge the board's valuation of Bilinsco's property for 2008. Bilinsco served citation on the board, but did not serve the district until eleven months after filing its petition for review. The trial court granted summary judgment in favor of the district and the board based on Bilinsco's failure to diligently serve the district, a necessary party to the suit. On appeal, Bilinsco contends that (1) a fact issue exists whether it had a reasonable excuse for failing to timely serve the district; and (2) the applicable limitations period should be equitably tolled. We hold that the trial court properly granted summary judgment and therefore affirm.

## Background

Bilinsco challenged the district's 2008 valuation of its property before the board. After the board upheld the district's valuation, Bilinsco mailed copies of its notice of appeal and anticipated petition to the district and the board. Bilinsco filed suit against the district and the board within forty-five days of receiving notice of the board's order.[1] At the time of filing, Bilinsco requested that the clerk issue citation and arranged to serve both defendants; however, only the board was served with citation. The board answered, responded to Bilinsco's requests for disclosure, and served its own requests for disclosure, interrogatories, and requests for production.

Ten months after Bilinsco filed suit, the district and the board filed a plea to the jurisdiction, contending that the trial court never acquired jurisdiction over the petition because Bilinsco never served the district, a necessary party to the appeal. The trial court denied this plea nearly a month later, and Bilinsco requested that the clerk issue and serve citation on the district. The district answered and noted that it had not been timely served. Both defendants then moved for traditional summary judgment, contending that because Bilinsco did not diligently serve the district, the trial court did not acquire jurisdiction over the case.

---

1. In 2009, the Texas Legislature amended section 42.21(a) of the Tax Code, which governs the time period for appealing an adverse Board order to the district court, to extend the time to file a petition for review from forty-five to sixty days. *See* TEX. TAX CODE ANN. § 42.21(a) (Vernon Supp. 2009); Act of June 19, 2009, 81st Leg., R.S., ch. 905, § 1, 2009 Tex. Gen. Laws 2435, 2435. Because this appeal to the district court was pending before the Legislature amended section 42.21(a), we apply the previous version of the statute.

In response, Bilinsco contended that it had raised a valid excuse for its failure to timely serve the district: these parties had often been involved in litigation over valuation assessments, and in each case, the same attorneys represented both the district and the board and would file an answer on behalf of both defendants. In this case, Bilinsco assumed that, when the board answered, it answered on behalf of the district as well, and thus the district had generally appeared and waived service. As summary judgment evidence, William Boyd, co-owner of the property, president of Bilinsco, and attorney of record, described the usual procedure between the parties in valuation disputes. Boyd also averred that, in the board's response to Bilinsco's request for disclosure, the style of the case referred to both the district and the board as "Defendant." The board identified no potential parties to the case, and the board's attorney signed the disclosures as "Attorney for Defendant." Bilinsco contended that, through this conduct, the district and the board misled it into believing that the district had been served and had appeared in the case. The trial court granted summary judgment.

## Discussion

### Standard of Review

We review de novo the trial court's grant of a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,* 289 S.W.3d 844, 848 (Tex. 2009). The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and the party is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). To determine if the non-movant raises a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disre-

garding contrary evidence unless reasonable jurors could not. *See Fielding,* 289 S.W.3d at 848 (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005)).

### Jurisdiction

■ On appeal, the district first contends that Bilinsco's failure to diligently serve it with process "precluded the trial court's jurisdiction" over the proceeding. We agree with the San Antonio and Austin Courts of Appeals that failure to serve the appraisal district within the statutory time period for filing a petition for review is not a jurisdictional bar to the appeal. *See Brooks v. Burnet Cent. Appraisal Dist.,* 306 S.W.3d 419, 421–22 (Tex.App.-Austin 2010, no pet.); *Bexar County Appraisal Dist. v. Walton Castroville SHRL Investors, III, LP,* Nos. 04–05–00046–CV, 04–05–00047–CV, 2005 WL 1475388, at *2 (Tex.App.-San Antonio June 22, 2005, no pet.) (mem. op.); *see also Tex. Educ. Agency v. Donna Indep. Sch. Dist.,* 221 S.W.3d 791, 796 (Tex.App.-Corpus Christi 2007, no pet.) ("[Section 21.307 of the Texas Education Code] does not state that service must be obtained within a specific time period. In fact, it does not mention service at all. In the absence of such direction from the legislature, this Court will not impose service of citation within a very short limitations period as a jurisdictional prerequisite to suit."). We instead treat Bilinsco's failure to timely serve the district as an affirmative defense that may be waived. *See Proulx v. Wells,* 235 S.W.3d 213, 216 (Tex.2007) (per curiam) ("[O]nce a defendant has affirmatively pled the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff to explain the delay.").

### Reasonable Excuse for Untimely Service

■ Bilinsco first contends that the trial court erred in granting summary

judgment because it presented a reasonable excuse for its failure to timely serve the district—the conduct of the district and the board's attorneys misled Bilinsco into believing that the district had appeared in the case and waived service. For a district court to have jurisdiction over an appeal of an appraisal review board's order determining protest, the plaintiff must file a petition for review against the county appraisal district within forty-five days of receiving notice of the order. *See* TEX. TAX CODE ANN. § 42.21(a) (Vernon 2008); *see also id.* § 42.21(b) ("Any other petition for review under this chapter must be brought against the appraisal district."). A timely filed suit does not interrupt the applicable statute of limitations unless the plaintiff "exercises due diligence in the issuance and service of citation." *Proulx*, 235 S.W.3d at 215 (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex.1990)); *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex.2009) ("[S]ervice outside the limitations period may still be valid if the plaintiff exercises diligence in procuring service on the defendant."). If the plaintiff diligently effects service after limitations expires, the date of service relates back to the date of filing. *Proulx*, 235 S.W.3d at 215.

■ Once the defendant affirmatively pleads limitations and demonstrates that it was not served until after limitations expired, the summary judgment burden shifts to the plaintiff to explain the delay. *Id.* at 216. The plaintiff must present evidence demonstrating the efforts made to serve the defendant and explaining "every lapse in effort or period of delay." *Id.* In determining diligence, the court assesses whether the plaintiff (1) acted as an ordinarily prudent person would act under the same or similar circumstances, and (2) was diligent up until service upon the defendant. *Id.*

■ The clerk of the court has the duty, upon request by the plaintiff, to issue and deliver the citation as directed. TEX.R. CIV. P. 99(a). A party "may ordinarily rely on the clerk to perform his duty within a reasonable time." *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733–34 (Tex.App.-Dallas 2000, pet. denied). When, however, a party learns, or by the exercise of diligence should have learned, that the clerk failed to issue citation, "it is incumbent upon the party to ensure that the job is done." *Id.* at 734. In *Boyattia*, the plaintiff requested citation, however, after three months, the clerk still had not issued the citation. *Id.* Boyattia presented no evidence that she attempted to ensure delivery and she "wholly ignore[d] her duty to have the citation served on the defendant during a lengthy period of time the citation remain[ed] with the clerk." *Id.* As a result, Boyattia lacked diligence in procuring service, and the trial court correctly granted summary judgment. *Id.* Thus, we examine the record for any effort Bilinsco made to check on service. There is none.

■ Bilinsco argues, however, that confusion about whether the district already had appeared excuses any delay. Our case is similar to one that the Fort Worth Court of Appeals resolved, in which the plaintiff sued two county entities, Tarrant County and the Tarrant County Sheriff's Department, represented by the same district attorney, but served only the sheriff's department. *See Tarrant County v. Vandigriff*, 71 S.W.3d 921, 923 (Tex.App.-Fort Worth 2002, pet. denied). The Fort Worth Court held that, despite the confusion that resulted from the two parties and their representation by a single counsel, Vandigriff offered no reasonable excuse for the delay in service. *Id.* at 926. The court held that Vandigriff "should have discovered through the exercise of diligence that [Tarrant County] was not properly

served." *Id.* Importantly, a co-defendant who has appeared does not have a duty to "bring to [the plaintiff's] attention the fact that she had failed to procure service on [the other defendant]." *Id.; see also* TEX. TAX.CODE ANN. § 42.21(d) (stating that property owner may serve appraisal district by serving chief appraiser or other officer or employee of district, while owner may serve appraisal review board by serving chairman of board).

Here, Bilinsco did not follow up on service upon the district until after the trial court denied the board's plea to the jurisdiction in July 2009, almost eleven months after Bilinsco filed its petition. Bilinsco ultimately bore the obligation to ensure that citation is delivered to all defendants. *See Vandigriff,* 71 S.W.3d at 926; *Boyattia,* 18 S.W.3d at 734.

Bilinsco explains that it, the board, and the district have previously been involved in valuation disputes, and each time it appeals a board order, it forwards the notice of appeal and a copy of the petition to both defendants. The same law firm represents both the board and the district and the firm "always file[s] Answers for both Defendants, in every case." Bilinsco's attorney further averred that:

> In this case, I requested on behalf of Plaintiffs, Request for Disclosures to both Defendants. I received a Response assuming that it was [a] Response for both Defendants. Harris County Appraisal Review Board and Harris County Appraisal District are identified as 'Defendant.' The title to the document was 'Defendant's Responses.' The Responses were signed by Olson & Olson as attorneys for 'Defendant.'

The district points to the board's answer and responses to Bilinsco's disclosure requests, which indicate that only the board had appeared, and argues reliance on these documents is not reasonable, particularly since the response was on behalf of a single "defendant": the style of the board's response to Bilinsco's Request for Disclosure states "Defendant," instead of "Defendants." The board began its response by stating:

> Pursuant to Rule 194.2 of the Texas Rules of Civil Procedure, Defendant provides the following information in response to Plaintiff's Request for Disclosure:
>
> (a) the correct names of the parties to the lawsuit;
>
> RESPONSE: The style in Plaintiff's petition lists the Plaintiff as Bilinsco, Inc., and Linda Boyd. The correct name of the Defendant is Harris County Appraisal Review Board.

Furthermore, the board entitled its answer "Defendant's Original Answer" and stated "Now Comes the Harris County Appraisal Review Board, Defendant in the above-numbered and entitled cause." The board's attorneys signed the answer as "Attorneys for Defendant" and also requested Rule 194 disclosures from Bilinsco in a separate document, signing that document as "Attorneys for Defendant Harris County Appraisal Review Board."

Bilinsco sued on August 25, 2008 and served the board in late September. The board answered on October 22, but it did not respond to Bilinsco's Request for Disclosure until April 9, 2009. Even if the board's disclosure response could reasonably lead Bilinsco to believe that opposing counsel was responding on behalf of both defendants, and thus both defendants had appeared, Bilinsco did not receive these responses until more than five months after only the board answered and more than seven months after Bilinsco filed suit. Bilinsco offers no fact issue as to whether a reasonable excuse exists for its failure to serve the district during the seven months prior to receiving the board's discovery responses. We therefore hold that the

summary judgment record establishes Bilinsco's lack of diligence in procuring service and the trial court correctly granted summary judgment. *See Boyattia,* 18 S.W.3d at 734; *Vandigriff,* 71 S.W.3d at 926.

*Equitable Tolling*

 Finally, Bilinsco contends that the limitations period should be equitably tolled. Equitable tolling applies "where a claimant actively pursued his judicial remedies but filed a defective pleading during the statutory period, or where a complainant was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass." *Bailey v. Gardner,* 154 S.W.3d 917, 920 (Tex.App.-Dallas 2005, no pet.). Courts have also applied equitable tolling when the plaintiff sues the wrong defendant, does not name the proper defendant until after limitations expires, and a "special relationship" exists between the defendants, such that the added defendant "was aware of the facts, not misled, and not disadvantaged in preparing a defense." *Walls v. Travis County,* 958 S.W.2d 944, 946 (Tex.App.-Austin 1998, pet. denied) (citing *Enserch Corp. v. Parker,* 794 S.W.2d 2, 6 (Tex.1990)). In *Walls,* the plaintiff sued Travis County, but citation was served on the Travis County Sheriff's Office, instead of the county. *Id.* at 945. The assistant county attorney answered on behalf of the sheriff, but later signed a Rule 11 agreement and all discovery responses as "Attorney for Defendant Travis County" and began all discovery responses with "Comes Now Defendant Travis County." *Id.* In this situation, the Austin Court of Appeals held that equitable tolling applied because Travis County's actions showed that it was not misled, and it had notice of and a reasonable opportunity to defend the claim. *Id.* at 947–48.

In distinguishing *Vandigriff* from *Walls,* the Fort Worth Court of Appeals observed that: (1) Vandigriff did not sue the wrong defendant, but instead sued and requested citation on both the sheriff's office and the county; (2) the district attorney signed all discovery documents from the sheriff's office as "Attorney for Defendant TCSD" and made no mention of Tarrant County; and (3) the sheriff's office "indirectly notified" Vandigriff that it failed to properly serve Tarrant County in its original answer and response to Vandigriff's requests for disclosure, in which it alleged a defect of parties. *Vandigriff,* 71 S.W.3d at 927.

We follow *Vandigriff,* because the court's reasoning applies here with equal force: Bilinsco did not sue the wrong defendant, but instead sued and requested service of citation on both the district and the board within section 42.21(a)'s forty-five-day window. Although only the district is a necessary party to petitions to review an order determining protest, the plaintiff may also sue the board "in addition to any other required party, if appropriate." TEX. TAX CODE ANN. § 42.21(b). Thus, Bilinsco sued two proper defendants within limitations, but only one of those defendants, the board, was timely served. Similar to *Vandigriff,* all of the documents filed by the board in this case indicated that the board was the party filing the documents, and the documents did not indicate that they were filed on behalf of the district. *See Vandigriff,* 71 S.W.3d at 927. In this situation, in which Bilinsco sued two proper defendants within the limitations period, we decline to apply the equitable tolling exception to excuse Bilinsco's failure to timely serve the district.

## Conclusion

We hold that the summary judgment record establishes Bilinsco's lack of diligence in serving the district. Further, because Bilinsco sued two proper defendants within the limitations period, we hold that equitable tolling does not apply. We

therefore affirm the judgment of the trial court.