Opinion issued July 22, 2010

                                                                        

 

 

 

 

 



 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00877-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



BILINSCO INC. AND LINDA BOYD, Appellants

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT AND HARRIS COUNTY
APPRAISAL REVIEW BOARD, Appellees

 

 



On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2008-51053

 

 



O P I N I O N

          This
is a property tax appraisal dispute.  Bilinsco,
Inc., and Linda Boyd (collectively, “Bilinsco”) sued the Harris County Appraisal
District (“the district”) and the Harris County Appraisal Review Board (“the board”)
to challenge the board’s valuation of Bilinsco’s property for 2008.  Bilinsco served citation on the board, but
did not serve the district until eleven months after filing its petition for review.  The trial court granted summary judgment in
favor of the district and the board based on Bilinsco’s failure to diligently
serve the district, a necessary party to the suit.  On appeal, Bilinsco contends that (1) a fact
issue exists whether it had a reasonable excuse for failing to timely serve the
district; and (2) the applicable limitations period should be equitably tolled.  We hold that the trial court properly granted
summary judgment and therefore affirm.

Background

Bilinsco challenged the district’s
2008 valuation of its property before the board.  After the board upheld the district’s
valuation, Bilinsco mailed copies of its notice of appeal and anticipated
petition to the district and the board.  Bilinsco
filed suit against the district and the board within forty-five days of
receiving notice of the board’s order.[1]  At the time of filing, Bilinsco requested that
the clerk issue citation and arranged to serve both defendants; however, only
the board was served with citation.  The
board answered, responded to Bilinsco’s requests for disclosure, and served its
own requests for disclosure, interrogatories, and requests for production.

Ten months after Bilinsco filed suit,
the district and the board filed a plea to the jurisdiction, contending that
the trial court never acquired jurisdiction over the petition because Bilinsco
never served the district, a necessary party to the appeal.  The trial court denied this plea nearly a
month later, and Bilinsco requested that the clerk issue and serve citation on
the district.  The district answered and
noted that it had not been timely served. 
Both defendants then moved for traditional summary judgment, contending
that because Bilinsco did not diligently serve the district, the trial court
did not acquire jurisdiction over the case.

In response, Bilinsco contended that
it had raised a valid excuse for its failure to timely serve the district:  these parties had often been involved in
litigation over valuation assessments, and in each case, the same attorneys
represented both the district and the board and would file an answer on behalf
of both defendants.  In this case, Bilinsco
assumed that, when the board answered, it answered on behalf of the district as
well, and thus the district had generally appeared and waived service.  As summary judgment evidence, William Boyd,
co-owner of the property, president of Bilinsco, and attorney of record, described
the usual procedure between the parties in valuation disputes.  Boyd also averred that, in the board’s
response to Bilinsco’s request for disclosure, the style of the case referred
to both the district and the board as “Defendant.”  The board identified no potential parties to
the case, and the board’s attorney signed the disclosures as “Attorney for Defendant.”  Bilinsco contended that, through this
conduct, the district and the board misled it into believing that the district had
been served and had appeared in the case. 
The trial court granted summary judgment.

Discussion

Standard of Review

          We
review de novo the trial court’s grant of a motion for summary judgment.  Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  The party moving for
traditional summary judgment bears the burden of showing that no genuine issue
of material fact exists and the party is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c).  To determine
if the non-movant raises a fact issue, we review the evidence in the light most
favorable to the non-movant, crediting favorable evidence if reasonable jurors
could do so, and disregarding contrary evidence unless reasonable jurors could
not.  See
Fielding, 289 S.W.3d at 848 (citing City
of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)).

Jurisdiction

          On
appeal, the district first contends that Bilinsco’s failure to diligently serve
it with process “precluded the trial court’s jurisdiction” over the
proceeding.  We agree with the San
Antonio and Austin Courts of Appeals that failure to serve the appraisal
district within the statutory time period for filing a petition for review is
not a jurisdictional bar to the appeal.  See Brooks v. Burnet Cent. Appraisal Dist.,
306 S.W.3d 419, 421–22 (Tex. App.—Austin 2010, no pet.); Bexar County Appraisal Dist. v. Walton Castroville SHRL Investors, III,
LP, Nos. 04-05-00046-CV, 04-05-00047-CV, 2005 WL 1475388, at *2 (Tex.
App.—San Antonio June 22, 2005, no pet.) (mem. op.); see also Tex. Educ. Agency v. Donna Indep. Sch. Dist., 221 S.W.3d
791, 796 (Tex. App.—Corpus Christi 2007, no pet.) (“[Section 21.307 of the
Texas Education Code] does not state that service must be obtained within a
specific time period.  In fact, it does
not mention service at all.  In the
absence of such direction from the legislature, this Court will not impose
service of citation within a very short limitations period as a jurisdictional
prerequisite to suit.”).  We instead
treat Bilinsco’s failure to timely serve the district as an affirmative defense
that may be waived.  See Proulx v. Wells, 235 S.W.3d 213, 216 (Tex. 2007) (per curiam)
(“[O]nce a defendant has affirmatively pled the limitations defense and shown
that service was effected after limitations expired, the burden shifts to the
plaintiff to explain the delay.”).

Reasonable Excuse for Untimely Service

          Bilinsco
first contends that the trial court erred in granting summary judgment because
it presented a reasonable excuse for its failure to timely serve the district—the
conduct of the district and the board’s attorneys misled Bilinsco into
believing that the district had appeared in the case and waived service.  For a district court to have jurisdiction
over an appeal of an appraisal review board’s order determining protest, the
plaintiff must file a petition for review against the county appraisal district
within forty-five days of receiving notice of the order.  See
Tex. Tax Code Ann.
§ 42.21(a) (Vernon 2008); see also
id. § 42.21(b) (“Any other petition for review under this chapter must
be brought against the appraisal district.”). 
A timely filed suit does not interrupt the applicable statute of
limitations unless the plaintiff “exercises due diligence in the issuance and
service of citation.”  Proulx, 235 S.W.3d at 215 (citing Murray v. San Jacinto Agency, Inc., 800
S.W.2d 826, 830 (Tex. 1990)); Ashley v.
Hawkins, 293 S.W.3d 175, 179 (Tex. 2009) (“[S]ervice outside the
limitations period may still be valid if the plaintiff exercises diligence in
procuring service on the defendant.”). 
If the plaintiff diligently effects service after limitations expires,
the date of service relates back to the date of filing.  Proulx,
235 S.W.3d at 215.

          Once
the defendant affirmatively pleads limitations and demonstrates that it was not
served until after limitations expired, the summary judgment burden shifts to
the plaintiff to explain the delay.  Id. at 216.  The plaintiff must present evidence
demonstrating the efforts made to serve the defendant and explaining “every
lapse in effort or period of delay.”  Id. 
In determining diligence, the court assesses whether the plaintiff (1)
acted as an ordinarily prudent person would act under the same or similar
circumstances, and (2) was diligent up until service upon the defendant.  Id.

          The
clerk of the court has the duty, upon request by the plaintiff, to issue and
deliver the citation as directed.  Tex. R. Civ. P. 99(a).  A party “may ordinarily rely on the clerk to
perform his duty within a reasonable time.” 
Boyattia v. Hinojosa, 18
S.W.3d 729, 733–34 (Tex. App.—Dallas 2000, pet. denied).  When, however, a party learns, or by the
exercise of diligence should have learned, that the clerk failed to issue
citation, “it is incumbent upon the party to ensure that the job is done.”  Id.
at 734.  In Boyattia, the plaintiff requested citation, however, after three
months, the clerk still had not issued the citation.  Id.  Boyattia presented no evidence that she
attempted to ensure delivery and she “wholly ignore[d] her duty to have the
citation served on the defendant during a lengthy period of time the citation
remain[ed] with the clerk.”  Id. 
As a result, Boyattia lacked diligence in procuring service, and the
trial court correctly granted summary judgment. 
Id.  Thus, we examine the record for any effort
Bilinsco made to check on service.  There
is none.

Bilinsco argues, however, that
confusion about whether the district already had appeared excuses any
delay.  Our case is similar to one that the
Fort Worth Court of Appeals resolved, in which the plaintiff sued two county
entities, Tarrant County and the Tarrant County Sheriff’s Department,
represented by the same district attorney, but served only the sheriff’s
department.  See Tarrant County v. Vandigriff, 71 S.W.3d 921, 923 (Tex.
App.—Fort Worth 2002, pet. denied).  The
Fort Worth Court held that, despite the confusion that resulted from the two
parties and their representation by a single counsel, Vandigriff offered no
reasonable excuse for the delay in service. 
Id. at 926.  The court held that Vandigriff “should have
discovered through the exercise of diligence that [Tarrant County] was not
properly served.”  Id.  Importantly, a co-defendant
who has appeared does not have a duty to “bring to [the plaintiff’s] attention
the fact that she had failed to procure service on [the other defendant].”  Id.;
see also Tex. Tax. Code Ann. § 42.21(d) (stating that property
owner may serve appraisal district by serving chief appraiser or other officer
or employee of district, while owner may serve appraisal review board by
serving chairman of board).

          Here,
Bilinsco did not follow up on service upon the district until after the trial
court denied the board’s plea to the jurisdiction in July 2009, almost eleven
months after Bilinsco filed its petition. 
Bilinsco ultimately bore the obligation to ensure that citation is
delivered to all defendants.  See Vandigriff, 71 S.W.3d at 926; Boyattia, 18 S.W.3d at 734.

          Bilinsco
explains that it, the board, and the district have previously been involved in
valuation disputes, and each time it appeals a board order, it forwards the
notice of appeal and a copy of the petition to both defendants.  The same law firm represents both the board
and the district and the firm “always file[s] Answers for both Defendants, in
every case.”  Bilinsco’s attorney further
averred that:

In this case, I requested on behalf of Plaintiffs,
Request for Disclosures to both Defendants. 
I received a Response assuming that it was [a] Response for both
Defendants.  Harris County Appraisal
Review Board and Harris County Appraisal District are identified as
‘Defendant.’  The title to the document
was ‘Defendant’s Responses.’  The
Responses were signed by Olson & Olson as attorneys for ‘Defendant.’

 

The district points to the board’s
answer and responses to Bilinsco’s disclosure requests, which indicate that
only the board had appeared, and argues reliance on these documents is not
reasonable, particularly since the response was on behalf of a single
“defendant”:  the style of the board’s
response to Bilinsco’s Request for Disclosure states “Defendant,” instead of
“Defendants.”  The board began its
response by stating:

Pursuant to Rule 194.2 of the Texas Rules of Civil
Procedure, Defendant provides the following information in response to
Plaintiff’s Request for Disclosure:

 

(a)  
the correct names
of the parties to the lawsuit; 

 

RESPONSE:  The
style in Plaintiff’s petition lists the Plaintiff as Bilinsco, Inc., and Linda
Boyd.  The correct name of the Defendant
is Harris County Appraisal Review Board.

 

Furthermore, the board entitled its
answer “Defendant’s Original Answer” and stated “Now Comes the Harris County
Appraisal Review Board, Defendant in the above-numbered and entitled
cause.”  The board’s attorneys signed the
answer as “Attorneys for Defendant” and also requested Rule 194 disclosures
from Bilinsco in a separate document, signing that document as “Attorneys for
Defendant Harris County Appraisal Review Board.”

          Bilinsco
sued on August 25, 2008 and served the board in late September.  The board answered on October 22, but it did
not respond to Bilinsco’s Request for Disclosure until April 9, 2009.  Even if the board’s disclosure response could
reasonably lead Bilinsco to believe that opposing counsel was responding on
behalf of both defendants, and thus both defendants had appeared, Bilinsco did
not receive these responses until more than five months after only the board
answered and more than seven months after Bilinsco filed suit.  Bilinsco offers no fact issue as to whether a
reasonable excuse exists for its failure to serve the district during the seven
months prior to receiving the board’s discovery responses.  We therefore hold that the summary judgment
record establishes Bilinsco’s lack of diligence in procuring service and the
trial court correctly granted summary judgment. 
See Boyattia, 18 S.W.3d at
734; Vandigriff, 71 S.W.3d at 926.

Equitable Tolling

          Finally,
Bilinsco contends that the limitations period should be equitably tolled.  Equitable tolling applies “where a claimant
actively pursued his judicial remedies but filed a defective pleading during
the statutory period, or where a complainant was induced or tricked by his
adversary’s misconduct into allowing filing deadlines to pass.”  Bailey
v. Gardner, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.).  Courts have also applied equitable tolling
when the plaintiff sues the wrong defendant, does not name the proper defendant
until after limitations expires, and a “special relationship” exists between
the defendants, such that the added defendant “was aware of the facts, not
misled, and not disadvantaged in preparing a defense.”  Walls
v. Travis County, 958 S.W.2d 944, 946 (Tex. App.—Austin 1998, pet. denied)
(citing Enserch Corp. v. Parker, 794
S.W.2d 2, 6 (Tex. 1990)).  In Walls, the plaintiff sued Travis County,
but citation was served on the Travis County Sheriff’s Office, instead of the
county.  Id. at 945.  The assistant
county attorney answered on behalf of the sheriff, but later signed a Rule 11
agreement and all discovery responses as “Attorney for Defendant Travis County”
and began all discovery responses with “Comes Now Defendant Travis
County.”  Id.  In this situation, the
Austin Court of Appeals held that equitable tolling applied because Travis
County’s actions showed that it was not misled, and it had notice of and a
reasonable opportunity to defend the claim. 
Id. at 947–48.

          In
distinguishing Vandigriff from Walls, the Fort Worth Court of Appeals
observed that:  (1) Vandigriff did
not sue the wrong defendant, but instead sued and requested citation on both
the sheriff’s office and the county; (2) the district attorney signed all
discovery documents from the sheriff’s office as “Attorney for Defendant TCSD”
and made no mention of Tarrant County; and (3) the sheriff’s office “indirectly
notified” Vandigriff that it failed to properly serve Tarrant County in its
original answer and response to Vandigriff’s requests for disclosure, in which
it alleged a defect of parties.  Vandigriff, 71 S.W.3d at 927.

          We
follow Vandigriff, because the
court’s reasoning applies here with equal force:  Bilinsco did not sue the wrong defendant, but
instead sued and requested service of citation on both the district and the board
within section 42.21(a)’s forty-five-day window.  Although only the district is a necessary
party to petitions to review an order determining protest, the plaintiff may
also sue the board “in addition to any other required party, if
appropriate.”  Tex. Tax Code Ann. § 42.21(b).  Thus, Bilinsco sued two proper defendants
within limitations, but only one of those defendants, the board, was timely
served.  Similar to Vandigriff, all of the documents filed by the board in this case
indicated that the board was the party filing the documents, and the documents did
not indicate that they were filed on behalf of the district.  See Vandigriff,
71 S.W.3d at 927.  In this situation, in
which Bilinsco sued two proper defendants within the limitations period, we
decline to apply the equitable tolling exception to excuse Bilinsco’s failure
to timely serve the district.

Conclusion

We hold that the summary judgment
record establishes Bilinsco’s lack of diligence in serving the district.  Further, because Bilinsco sued two proper
defendants within the limitations period, we hold that equitable tolling does
not apply.  We therefore affirm the
judgment of the trial court.

 

 

                                                         Jane
 Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Sharp.











[1] In
2009, the Texas Legislature amended section 42.21(a) of the Tax Code, which
governs the time period for appealing an adverse Board order to the district court,
to extend the time to file a petition for review from forty-five to sixty
days.  See Tex. Tax Code Ann.
§ 42.21(a) (Vernon Supp. 2009); Act of June 19, 2009, 81st Leg., R.S., ch.
905, § 1, 2009 Tex. Gen. Laws 2435, 2435. 
Because this appeal to the district court was pending before the
Legislature amended section 42.21(a), we apply the previous version of the
statute.