**Opinion issued April 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00040-CV

———————————

**RAYMOND SHAW, Appellant**

**V.**

**JOSEPH CHARLES LYNCH, Appellee**

---

**On Appeal from the 284th District Court**
**Montgomery County, Texas[1]**
**Trial Court Case No. 12-12-13384-CV**

---

## MEMORANDUM OPINION

Appellant, Raymond Shaw, challenges the trial court's rendition of summary

judgment in favor of appellee, Joseph Charles Lynch, in Shaw's suit against Lynch

---

[1] Pursuant to its docket equalization authority, the Supreme Court of Texas transferred the appeal to this Court. *See* Misc. Docket No. 14-9246 (Tex. Dec. 15, 2014); *see also* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) (authorizing transfer of cases).

for personal injury. In his sole issue, Shaw contends that the trial court erred in granting Lynch summary judgment on limitations grounds.

We reverse and remand.

## Background

In his petition, filed on December 26, 2012, Shaw, a sergeant with the City of Shenandoah Police Department, alleged that on December 30, 2010, he responded to a report that Lynch was recklessly driving an all-terrain vehicle ("ATV") through a neighborhood. When Shaw got out of his patrol car at the scene, Lynch "gunned the engine and intentionally drove" the ATV over Shaw, "causing severe injuries to his left leg and other parts of his body."[2]

Lynch generally denied the allegations and asserted the affirmative defense of limitations. He subsequently moved for summary judgment, asserting that although Shaw had timely filed his petition within the two-year statute of limitations governing personal-injury lawsuits,[3] he did not actually serve Lynch until February 20, 2013, after the limitations period had expired. Lynch argued that because "[t]here is no evidence" that Shaw exercised due diligence in serving him during the "nearly two-month delay," Shaw's claims are barred as a matter of

---

[2]     Lynch, in a separate criminal action, pleaded guilty to the offense of aggravated assault of a peace officer and was sentenced to confinement for ten years. *State v. Joseph Charles Lynch*, No. 11-01-00144-CR (9th Dist. Ct., Montgomery Cty., Tex. Jan. 26, 2012).

[3]     *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon Supp. 2015).

law by limitations. To his motion, Lynch attached copies of the citation and process server's affidavit of service, which indicate that the district clerk received Shaw's request for process on December 26, 2012 and issued the citation on December 27, 2012; the process server received the citation on January 22, 2013; and Lynch was served on February 20, 2013. Lynch also attached to his motion the judgment entered against him in the criminal case.

In his response, Shaw asserted that the delay in service was due to an error in the district clerk's office and he had exercised due diligence in having Lynch served. Shaw attached to his response his "Civil Process Request Form," which indicates that on December 26, 2012, he requested that the district clerk issue citation and place process in the "box" designated for process server Jack Daniel's Legal Support Service ("Legal Support"). Shaw also attached to his response the affidavit of his counsel, John Gheezi, who testified that, based on his prior experience, he had anticipated service on Lynch "within one to two weeks" and the filing of Lynch's answer within thirty days after issuance of citation. However, after "four Mondays had elapsed since the requested citation" and neither an executed return of service nor an answer had been filed, Gheezi contacted Robert Moreland, the owner of Legal Support. After Moreland informed Gheezi that he had not received a citation for Lynch, Gheezi instructed Moreland to locate the issued citation and serve Lynch "as expeditiously as possible."

Shaw also attached to his response Moreland's affidavit, in which he testified that although Legal Support has its principal office in Montgomery County, it "accepts assignments from attorneys to serve [d]efendants throughout the entire State of Texas." And it "subcontract[s] assignments to authorized civil process servers in Texas cities outside Montgomery County and the greater Houston area." Moreland explained that "[t]here is a drawer box within the Montgomery County District Clerk's Office designated for [Legal Support]" and he "check[s] this box for civil process service assignments at least every other business day." In this case, he received process from the district clerk on January 22, 2013. Moreland then "made numerous calls to authorized civil process servers in the Beaumont, Texas, area, to whom he has subcontracted prior assignment[s]," but was unsuccessful. He ultimately "directed a fellow process server to drive from Montgomery County to Beaumont and effectuate service on [Lynch]," who was served on February 20, 2013.

In his reply to Shaw's response, Lynch argued that Shaw's explanation for the delay in service was insufficient because "removing [Shaw's] inadmissible evidence[4] [left] only" evidence that he "filed the lawsuit on December 26, 2012

---

4      Lynch, in his reply, objected, on the basis of hearsay, to paragraphs eight and nine of Ghezzi's affidavit, in which he testified that he had interviewed "Stella," a deputy clerk at the Montgomery County District Clerk's Office, who told him that she had issued citation on December 27, 2012, would have followed the instruction to place the citation in the box for Legal Support, and "did not know

4

and requested citation to be placed in the box of [Legal Support]," Gheezi "did not follow up on the issuance of citation or service of process for 'four Mondays,'" and Moreland "did not receive citation until January 22, 2013" and "did not attempt or secure service until February 20, 2013."

**Standard of Review**

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a summary-judgment motion, a movant has the burden of proving that he is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a defendant moves for summary judgment on an affirmative defense, he must plead and conclusively establish each essential element of his defense, thereby defeating the plaintiff's cause of action. *Cathey*, 900 S.W.2d at 341; *Yazdchi v. Bank One, Tex., N.A.*, 177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When deciding whether there is a disputed, material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

why [Legal Support] purported not to receive the citation until January 22, 2013." Lynch also objected to portions of Moreland's affidavit on the ground that it "contain[ed] little more than speculative statements and statements made without his personal knowledge." Specifically, Lynch asserted that Moreland, in his affidavit, "aver[red] that he [did] not know what happened to the citation after December 27, 2012" and "speculate[d] that it may have been misplaced in another process server's box, or [was] somehow removed from his box." Because the trial court sustained Lynch's objections and Shaw does not challenge the trial court's rulings, we do not consider these portions of the affidavits in our analysis.

*Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference must be indulged in favor of the non-movant and any doubts must be resolved in its favor. *Id.* at 549.

### Diligence in Service

In his sole issue, Shaw argues that the trial court erred in granting Lynch summary judgment on limitations grounds because he presented controverting evidence that "raised a genuine issue of material fact" regarding his diligence in serving Lynch.

If a plaintiff files his petition within the limitations period, but obtains service on the defendant outside of the limitations period, such service is valid only if the plaintiff exercised "diligence" in procuring service. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009); *see also Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (holding "a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation"). If a plaintiff diligently effects service after the expiration of the statute of limitations, the date of service relates back to the date of filing. *Proulx*, 235 S.W.3d at 215. If a defendant affirmatively pleads the defense of limitations and shows that service has occurred after the limitations deadline, the burden shifts to the plaintiff to prove his diligence. *Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216. The plaintiff then must present evidence regarding the efforts

made to serve the defendant and "explain every lapse in effort or period of delay." *Proulx*, 235 S.W.3d at 216. The issue is "whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Ashley*, 293 S.W.3d at 179 (internal quotations omitted).

The question of the plaintiff's diligence in obtaining service is generally "one of fact" to be "determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Proulx*, 235 S.W.3d at 216. However, a plaintiff's explanation of his efforts to obtain service may demonstrate a lack of diligence "as a matter of law" when "one or more lapses between service efforts are unexplained or patently unreasonable." *Id*. If the plaintiff's explanation for the delay raises a material fact issue concerning his diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the plaintiff provided an insufficient explanation. *Id*.

A plaintiff must bring a suit for personal injuries within two years from the time the cause of action accrued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon Supp. 2015). Here, Shaw's cause of action accrued on December 30, 2010, and the limitations period expired on December 30, 2012. *See id*. Shaw timely filed his petition on December 26, 2012. However, Lynch

established that Shaw did not serve him with his petition until February 20, 2013, which was fifty-two days after the expiration of the limitations period. Thus, the burden shifted to Shaw to demonstrate his diligence in effectuating service on Lynch. *See Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216.

The summary-judgment evidence shows that on December 26, 2012, prior to the expiration of the limitations period, Shaw requested service of process on Lynch, and he directed the district clerk to place process in the "box" designated for Legal Support. The evidence also shows that on December 27, 2012, the district clerk issued the citation.

Ghezzi testified that, based on his experience, he had anticipated service on Lynch "within one to two weeks" and Lynch's filing of an answer "within approximately thirty . . . days" after issuance of citation. However, after "four Mondays had elapsed since the requested citation" without an executed return or answer filed by Lynch, Gheezi inquired with the district clerk's office and Moreland. After he learned that Moreland had not received process from the district clerk, Ghezzi instructed Moreland to "locate the issued citation" and serve Lynch "as expeditiously as possible."

Moreland testified that although he checks his box at the district clerk's office for civil process service assignments "at least every other business day," he did not, in this case, receive process until January 22, 2013. Once he received the

8

process, he made "numerous calls to authorized civil process servers in the Beaumont, Texas, area," but was unsuccessful. Moreland then "directed" a fellow process server to drive from Montgomery County to Beaumont and effectuate service on Lynch, who was served on February 20, 2013.

A party "may ordinarily rely on the clerk to perform his duty within a reasonable time." *Bilinsco Inc. v. Harris Cty. Appraisal Dist.*, 321 S.W.3d 648, 652 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *see also* Tex. R. Civ. P. 99(a) ("The clerk of the court has the duty, upon request by a plaintiff, to issue and deliver the citation as directed."); *Boyattia v. Hinojosa*, 18 S.W.3d 729, 734 (Tex. App.—Dallas 2000, pet. denied) (two weeks not unreasonable amount of time to allow clerk to perform duties). Even when a district clerk delays in issuing or delivering a citation, "the passage of time alone is not itself controlling on the issue of a party's diligence." *Boyattia*, 18 S.W.3d at 734 ("We recognize that parties have limited control over the actions of a district . . . clerk."). Rather, in determining diligence, "we look to whether a party's actions manifest a 'bona fide intention' to have process served." *Id.* "A party who wholly ignores [his] duty to have the citation served on the defendant during a lengthy period of time [while] the citation remains with the clerk does not manifest a bona fide intention to have process served." *Id.* When a party learns, or by the exercise of diligence should have learned, that the clerk failed to issue a citation, "it is incumbent upon the

9

party to ensure that the job is done." *Bilinsco Inc.*, 321 S.W.3d at 652 (quoting *Boyattia*, 18 S.W.3d at 734).  Similarly, "[i]t is the responsibility of the party requesting service, not the process server[,] to see that service is properly accomplished."  *See Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

Here, nothing in the evidence suggests that Shaw "wholly ignore[d]" his duty to timely procure and effectuate service on Lynch.  *Cf. Boyattia*, 18 S.W.3d at 734 (plaintiff's failure to take any action during clerk's three-month delay in delivering citation constituted lack of diligence as matter of law); *Bilinsco Inc.*, 321 S.W.3d at 653 (plaintiff's failure to follow-up on service upon defendant until almost eleven months after filing of petition established lack of diligence).

In support of his argument that he exercised diligence in serving Lynch, Shaw relies on *Keeton v. Carrasco*, 53 S.W.3d 13 (Tex. App.—San Antonio 2001, pet. denied).  In *Keeton*, the plaintiffs timely filed their petition and requested service of process.  *Id.* at 17.  Citation issued the next day, and a private process server served the defendants three weeks later.  *Id.*  After no answer had been filed, the plaintiffs' counsel investigated.  *Id.*  Because it appeared that service might be invalid, the plaintiffs' counsel caused a second citation to be issued.  *Id.*  And the defendants were served twenty-eight days later.  *Id.*  The defendants later moved for summary judgment, arguing that the plaintiffs' first citation was invalid and

they did not properly re-serve the defendants until sixty-eight days after the limitations period had expired. *Id.* The court noted that "one means by which a diligent attorney could determine that a problem with service exists is by noticing whether or not an answer is timely filed." *Id.* at 20. And "an ordinary, prudent attorney may not suspect a problem . . . until an answer is not filed." *Id.* The court concluded that the plaintiffs had raised a genuine issue of material fact as to their due diligence because the evidence showed that the plaintiffs' counsel "immediately noticed" that an answer had not been timely filed, "actively investigated" whether service was properly effectuated, and caused a second citation to issue. *Id.* And the process server served the defendant twenty-eight days later. *Id.*

Here, like the plaintiffs' counsel in *Keeton*, Shaw's counsel, Gheezi, had no reason to suspect a problem with service of process on Lynch until he learned that no return had been filed and Lynch had not filed an answer. *See id.* "[F]our Mondays" after procuring citation, Gheezi then actively investigated with the district clerk's office and Moreland as to whether service had been properly issued and effectuated. *See id.* And Gheezi then directed Moreland to locate the issued citation and serve Lynch "as expeditiously as possible." *See id.* The evidence further shows that Moreland effectuated service on Lynch twenty-nine days after his receipt of process from the district clerk. *See id.* Moreland explained his

efforts to obtain local service on Lynch during that period. Taking the evidence favorable to Shaw as true and resolving any doubts in his favor, we conclude that the evidence presented raises a genuine issue of material fact as to Shaw's diligence in serving Lynch. *See id*.; *see also Proulx*, 235 S.W.3d at 216; *Nixon*, 690 S.W.2d at 549. Thus, the burden shifted back to Lynch to conclusively show why, as a matter of law, Shaw's explanation was insufficient. *See Proulx*, 235 S.W.3d at 216.

Lynch argues that Shaw's explanation is insufficient as a matter of law because he "simply failed to provide adequate explanation." Lynch, without citing any authority in support, asserts that "not following up on the issuance of citation and service of process for 'four Mondays'" constitutes "no action." However, cases in which courts have found a lack of diligence as a matter of law involve significantly longer periods of time than four weeks. *See, e.g.*, *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (no explanation for delays in service for three periods totaling thirty-eight months constituted failure to exercise due diligence as matter of law); *Bilinsco Inc*., 321 S.W.3d at 653 (plaintiff's failure to follow up on service upon defendant until almost eleven months after filing of petition consituted lack of diligence as matter of law); *Boyattia*, 18 S.W.3d at 734 (plaintiff presented no evidence of attempts to ensure delivery and "wholly ignore[d] her duty to have the citation served on the defendant during [the] lengthy period of

12

time the citation remain[ed] with the clerk"); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ) (more than five months of inactivity and no efforts between failed service attempts constituted lack of due diligence).

Lynch further asserts that Moreland did not adequately explain the four-week delay between his receipt of citation and service of process. However, such a delay is not so "unexplained or patently unreasonable" that it demonstrates a lack of diligence as a matter of law. *See Proulx*, 235 S.W.3d at 216–17; *Fontenot v. Gibson*, No. 01-12-00747-CV, 2013 WL 2146685, at *2 (Tex. App.—Houston [1st Dist.] May 16, 2013, no pet.) (mem. op.) (three-week delay between process server's receipt of citation and first attempt at service did not demonstrate lack of diligence).

We conclude that Lynch has not conclusively established that Shaw failed to exercise due diligence in having him served. *See Proulx*, 235 S.W.3d at 216; *see also Nixon*, 690 S.W.2d at 549. Accordingly, we hold that the trial court erred in granting Lynch summary judgment on his limitations defense.

We sustain Shaw's sole issue.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.


Terry Jennings
Justice

Panel consists of Justices Jennings, Keyes, and Bland.