**Opinion issued January 25, 2024**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-22-00584-CV

_____

**SEALY IDV THOMPSON 10, LLC, Appellant**

**V.**

**HARRIS COUNTY APPRAISAL DISTRICT, Appellee**

---

**On Appeal from the 152nd Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-52735**

---

## MEMORANDUM OPINION

Appellant Sealy IDV Thompson 10, LLC ("Sealy") appeals the trial court's summary judgment order dismissing Sealy's appeal of the Harris County Appraisal District's property valuation under the Texas Tax Code. Sealy raises two issues, (1) a plaintiff need not show diligent service to perfect an appeal under Chapter 42 of

the Tax Code and (2) even if diligence is required, Sealy raised a genuine issue of fact about diligence so granting summary judgment was error. Because Sealy failed to timely serve HCAD and failed to raise a genuine issue of fact in opposition to HCAD's summary judgment motion, we affirm.

## Background

In September 2020, Sealy sued HCAD, contending that Sealy's property was excessively and unequally appraised for tax year 2020. Sealy filed its suit within the 60-day period required by the tax code, but it did not serve HCAD with citation until 11 months later, in August 2021. HCAD filed its answer later that month, asserting both a general denial and an affirmative defense stating, "Defendant has not been timely served in this matter therefore, Plaintiff's suit is barred."

HCAD moved for summary judgment in April 2022, asserting that Sealy's untimely service did not relate back to the date of filing because Sealy failed to exercise due diligence in serving its petition. Appellant opposed the motion and responded. HCAD replied in July 2022. The trial court granted HCAD's motion for summary judgment in July 2022.

## Summary Judgment

The parties agree that Sealy timely filed suit, but dispute whether diligent service by Sealy was required. Sealy contends that because diligence is not a

requirement under section 42.21, the trial court erred by requiring proof of diligence. And even if it is required, Sealy raised a genuine issue of fact about timely service.

## A. Standard of Review

We review a trial court's ruling on a motion for summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). "A party moving for traditional summary judgment has the burden to prove that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *SeaBright Ins. Co. v. Lopez*, 465 S.W.3d 637, 641 (Tex. 2015) (citing TEX. R. CIV. P. 166a(c)). "When a defendant moves for summary judgment, it must either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action." *Surety Bonding Co. of Am. v. Auto. Accept. Corp.*, 674 S.W.3d 580, 587 (Tex. App.—Houston [1st Dist.] 2023, no pet.).

## B. Analysis

This Court has held that failure to timely serve the opposing party is an affirmative defense that may be raised in a motion for summary judgment. *See Bilinsco Inc. v. Harris Cty. Appraisal Dist.*, 321 S.W.3d 648, 651 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (treating argument that plaintiff failed to timely serve HCAD as an affirmative defense raised in a motion for summary judgment). In *Bilinsco*, the plaintiff sued HCAD to challenge the valuation of the

plaintiff's property. *Id.* at 650. HCAD moved for traditional summary judgment, arguing that the plaintiff failed to timely serve it so the trial court never acquired jurisdiction. *Id.* We treated the 10-month delay of service as an affirmative defense. *Id.* at 651 (citing *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (per curiam)).

The facts here mirror *Bilinsco*. Sealy sued HCAD before the 60-day deadline in the tax code, challenging the valuation of Sealy's property. *See* TEX. TAX CODE § 42.21(a). HCAD answered, asserting a general denial and an affirmative defense of untimely service. HCAD then moved for summary judgment, arguing that the 11-month delay in service barred Sealy's suit. Absent contrary direction from the Texas Supreme Court, we are bound to follow our precedent. *See Mitschke v. Borromeo LLC*, 645 S.W.3d 251, 256–57 (Tex. 2022) (discussing horizontal stare decisis). Satisfied that the trial court correctly considered the affirmative defense raised in HCAD's motion for summary judgment, we now review the substance of that defense.

Summary judgment on a limitations affirmative defense involves shifting burdens of proof. *Proulx*, 235 S.W.3d at 215–16. When a plaintiff files a petition within the limitations period, service outside the limitations period is valid only if the plaintiff exercised diligence in obtaining service. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009); *see also Proulx*, 235 S.W.3d at 215 ("a timely filed suit will

not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation").

Once a defendant pleads the limitations defense and shows that service was untimely, the burden shifts to the plaintiff to show diligence. *Proulx*, 235 S.W.3d at 216. "Diligence is determined by asking 'whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served.'" *Ashley*, 293 S.W.3d at 179 (quoting *Proulx*, 235 S.W.3d at 216). "Although a fact question, a plaintiff's explanation may demonstrate a lack of diligence as a matter of law, 'when one or more lapses between service efforts are unexplained or patently unreasonable.'" *Id.*

HCAD pleaded the defense of limitations. And it is undisputed that Sealy did not serve HCAD until 11 months after filing suit. Thus, Sealy had the burden to present evidence of its efforts to serve HCAD, and to explain every delay and lapse in effort. *See Bilinsco*, 321 S.W.3d at 652 (citing *Proulx*, 235 S.W.3d at 216). Sealy contends that because the suit was filed during the COVID-19 pandemic, any delay was excusable and offered an affidavit from its trial attorney. The affidavit stated that between September 1, 2020, and July 27, 2021, (1) there were delays related to COVID-19 because of Sealy's attorney's office staff working remotely, and (2) Sealy's counsel filed four new cases during the same time period and was unaware that service of citation had not been achieved. The World Health Organization

5

declared a public health emergency based on COVID-19 in January 2020, and the Texas Governor's proclamation along with the First Emergency Order Regarding the COVID-19 State of Disaster followed two months later. *See* The Governor of the State of Texas, Proclamation No. 41-3720, 45 Tex. Reg. 2087, 2095 (2020); *First Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket Nos. 20-9042, 596 S.W.3d 265, 265–66 (Tex. 2020).

Assuming COVID-19's effects delayed service after January 2020, Sealy presented no evidence showing that Sealy or its counsel asked about the status of service during this nearly 11-month period between filing the case in September 2020 and finally asking about service in July 2021. It is not reasonably diligent to allow more than 10 months to pass after filing suit without affirmatively checking the status of service until months after the limitations period expired. *Jenkins v. Taylor*, No. 14-21-00175-CV, 2022 WL 1463797, at *3–*4 (Tex. App.—Houston [14th Dist.] May 10, 2022, no pet.) (mem. op.) (untimely service when suit was filed before COVID-19 pandemic and service did not occur until 11 months after statute of limitations and six months after governor's public health emergency declaration); *Stoney v. Gurmatakis*, No. 01-09-00733-CV, 2010 WL 1840247, at *3 (Tex. App.— Houston [1st Dist.] May 6, 2010, no pet.) (mem. op.) (plaintiff failed to show diligence in part because she failed to explain approximately two-month delay in inquiring with clerk's office about procuring citation); *see also Farris v. Evans*, No.

01-20-00165-CV, 2020 WL 3969666, at *4 (Tex. App.—Houston [1st Dist.] July 14, 2020, no pet. (citing *Slagle v. Prickett*, 345 S.W.3d 693, 698 (Tex. App.—El Paso 2011, no pet.) ("[W]hen a defendant complains of lack of due diligence in service of process, the plaintiff must explain what steps he took to obtain service, not explain why he did nothing.")).

Sealy also contends that under the Texas Supreme Court's Emergency Orders, all deadlines, including limitations periods, were tolled. But such tolling was not automatic. *See* First Emergency Order Regarding the COVID-19 State of Disaster, 596 S.W.3d 265 (Tex. 2020) (order dated March 13, 2020, stating that courts "may . . . [m]odify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order"). Sealy never sought an extension under the Emergency Orders to serve its petition on HCAD. *See, e.g.*, *Cweren v. Eureka Multifamily Grp., L.P.*, No. 01-21-00470-CV, 2023 WL 2977755, at *11 (Tex. App.—Houston [1st Dist.] Apr. 18, 2023, no pet. h.) (mem. op.) (collecting cases stating no authority to rely on the Emergency Orders after applicable deadline has passed).

Thus, Sealy has not shown reasonable diligence in attempting to serve HCAD from September 2020 to July 2021. Although Sealy filed suit within the limitations period, Sealy's claim is barred by HCAD's limitations defense because Sealy did not achieve service until several months after the limitations period expired and Sealy did not present evidence reasonably explaining the delays in serving HCAD

7

to create a genuine issue of material fact. *See Bilinsco*, 321 S.W.3d at 653–54; *Jenkins*, 2022 WL 1463797, at *4. Because the trial court did not err in granting summary judgment on limitations grounds, we overrule Sealy's issues.

## Conclusion

We affirm the trial court's judgment.


Sarah Beth Landau
Justice

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.